OPINION OF. THE COURT
Chief Judge Cooke.
A vendor who collects sales taxes from customers, but fails to remit the sales taxes due the State under circumstances indicating an intent to permanently deprive the State of the taxes, may not be subjected to criminal prosecution for larceny by embezzlement. In creating the Tax Law, the Legislature provided an integrated statutory regulation that includes a comprehensive scheme of civil and criminal penalties. However, in doing so, the Legislature has excluded failure to pay over sales taxes collected by a vendor from the criminal penalties provision and, instead, has seen fit to impose a substantial civil penalty. The structure of the penalties provision of article 28 of the Tax Law and the Legislature’s failure to deem a withholding of sales tax collected as criminal conduct must be construed as a legislative intention to provide the civil penalty as the exclusive means of prosecuting this conduct.
Defendants are an incorporated restaurant business located in Manhattan and its sole owner. In June, 1980, defendants were indicted for seven felony counts of grand larceny in the second degree (see Penal Law, § 155.35) and six misdemeanor counts of failure to file a New York State and local sales and use tax return (see Tax Law, § 1145, subd [b]). The larceny charges stemmed from events during 1976 through 1979, when defendants allegedly withheld sales tax revenues that had been collected in connection with the redemption of gift certificates. The other counts arose from allegations that, for the period from June, 1978 through July, 1979, no sales tax returns had been filed *368 with the New York State Tax Commission on behalf of the Proof of the Pudding Restaurant.
Prior to trial, defendants moved to dismiss the larceny counts on the ground that the facts alleged did not constitute larceny. Supreme Court denied the motion, holding that the Tax Law imposes a fiduciary duty on vendors to collect sales taxes, that the taxes collected by the vendor are the property of the State, and, therefore, a willful withholding of sales taxes collected may give rise to a prosecution under the larceny statute on an embezzlement theory. The court further held that the civil and criminal penalties set forth in the Tax Law do not comprise the exclusive basis of prosecution for failure to pay sales taxes (108 Misc 2d 86).
After trial, both defendants were convicted of one count of grand larceny in the second degree. A mistrial was declared as to the remaining larceny counts because the jury was unable to reach a verdict. Defendant Proof of the Pudding was convicted of and defendant Valenza was acquitted of all six counts relating to failure to file sales tax returns. The Appellate Division affirmed the convictions. This court now dismisses the counts of the indictment charging grand larceny in the second degree.
“The essence of the crime of larceny by embezzlement is the conversion by the embezzler of property belonging to another which has been entrusted to the embezzler to hold on behalf of the owner” (People v Yannett, 49 NY2d 296, 301). Article 28 of the Tax Law imposes a duty on “every vendor of tangible personal property or services” to collect from customers a sales tax, measured as a percentage of the receipts from a wide variety of sales (see Tax Law, §§ 1105, 1131, 1132). When a vendor complies with its statutory duty and for each relevant transaction collects sales tax from customers, it does so “as trustee for and on account of the state” (Tax Law, § 1132, subd [a]; see Matter of Ames Volkswagen v State Tax Comm., 47 NY2d 345).
The State has proceeded on the theory that sales taxes collected by a vendor are and remain the property of the State. It is contended that the vendor, as trustee for these funds, owes a duty to the State to withhold and account for sales taxes collected on behalf of the State. In the instant *369 case, the State argues that defendants failed to remit sales taxes under circumstances indicating an intent to permanently deprive the State of the tax. Therefore, the State submits, the elements of embezzlement have been established.
Assuming, without deciding, that a vendor’s failure to pay over sales taxes constitutes conduct that, on its face, is within the purview of this State’s larceny statute (see Penal Law, § 155.05), the Legislature has not acted to render such conduct criminal. Careful examination of the structure of the “Penalties and interest” provision of article 28 of the Tax Law reveals a legislative intent to subject certain violations to both criminal and civil sanctions, but to restrict punishment for other violations, such as the failure to remit sales taxes, to civil penalties only.
Subdivision (a) of section 1145 of the Tax Law prescribes civil penalties for “[a]ny person failing to file a return or to pay or pay over any [sales] tax to the tax commission” (Tax Law, § 1145, subd [a], par [1], cl [i]). Such failures by a vendor are subject to a penalty of 5% of the taxes due with an additional penalty of 1% levied for every month payment remains outstanding after the first month (id.). Fraudulent failure to pay or pay over sales taxes is also covered by the civil penalties provision, where imposition of a 50% penalty plus interest is authorized (see Tax Law, § 1145, subd [a], par [2]).
Subdivision (b) of section 1145 of the Tax Law sets forth violations'of the sales tax article that will constitute criminal acts. This section provides that a vendor who fails to perform any one of a long list of specific acts “shall, in addition to any other penalty herein or elsewhere prescribed, be guilty of a misdemeanor” (Tax Law, § 1145, subd [b]). The enumerated acts are generally concerned with violations of the vendor’s duties to file accurate returns, to obtain licenses, and to collect sales taxes from customers in a lawful manner. In only one limited circumstance is the failure to pay over taxes collected included in this criminal penalties section. When the financial condition of a vendor is such that it is unable to pay over sales taxes collected, the Tax Commission may give notice to the vendor and require it to deposit all sales taxes collectible *370 after the date of the notice in a separate account payable to the Tax Commissioner (see Tax Law, § 1137, subd [e], par [3]). Failure to comply with this requirement has been expressly included in the criminal penalties provision (see Tax Law, § 1145, subd [b]). Paying or paying over sales taxes is not otherwise referred to in this criminality provision, nor is there any other item that directly relates to the withholding of sales taxes.
It must be concluded that, in drafting section 1145, the Legislature intended that, except in the one narrow instance mentioned above, the failure to pay over sales taxes may not be considered criminal conduct and is subject to civil penalties only. In closely analogous situations, when the Legislature has intended to make criminal conduct such as that engaged in by defendants here, it has done so clearly. Article 22 of the Tax Law regulates the withholding and payment of personal income taxes. As with sales taxes, funds withheld are deemed to be held in trust by the employer for the State (see Tax Law, §§ 675, 1132, subd [a]). Civil penalties for violating article 22 may be imposed for willful failure to pay over taxes imposed by that article (see Tax Law, § 685, subd [g]). Unlike article 28, however, article 22, provides that one “who willfully fails to * * * pay over any withholding tax as required, shall, in addition to other penalties provided by law, be guilty of a misdemeanor” (Tax Law, § 695, subd [c]). When it enacted section 1145 (L 1965, ch 93, § 1), the Legislature had in the previously enacted section 695 (L 1962, ch 1011, § 1) a model of how to ascribe criminality to a failure to pay over taxes.*
In other similar situations, when the Legislature has desired to make the breach of a statutorily imposed duty punishable under the Penal Law, it has done so in an *371 unambiguous manner. For example, article 3-A of the Lien Law imposes on a contractor a fiduciary duty over funds received for the improvement of real property (see Lien Law, §§ 70, 71, 71-a). When a “trustee of a trust arising under this article” misappropriates trust funds, the Legislature has provided that the trustee may be “guilty of larceny and punishable as provided in the penal law” (Lien Law, § 79-a, subd 1; see People v Chester, 50 NY2d 203).
The State argues that the general rule that a prosecution may be maintained under any penal statute proscribing certain conduct, notwithstanding that it overlaps with a more specific statute, should apply to this case (see People v Eboli, 34 NY2d 281; People v Lubow, 29 NY2d 58, 67; People v Bergerson, 17 NY2d 398). Although it is true that when two or more statutes make punishable the same conduct, a prosecutor may generally choose among the statutes when initiating a prosecution, that discretion may be limited by a legislative intention to make a specific statute the exclusive means of punishing particular conduct (see, e.g., People v Costello, 305 NY 63; Hazak, Inc. v Robertson Goetz Bldg. Co., 289 NY 478; People v Bloom, 248 NY 582; People v Knott, 156 NY 302; People v Hislop, 77 NY 331). On this basis, cases that uphold a prosecutor’s discretion to maintain prosecutions under the more general of two overlapping criminal statutes are readily distinguishable from the case at bar.
In those cases, the prosecutors chose among general and specific statutes, which were found within the Penal Law or even within the same provision of the Penal Law. The prosecutorial action was sustained because there was deemed to be no mutual exclusivity in the statute’s application and, therefore, “ ‘the duty devolves upon the grand jury and the district attorney to determine under which of the applicable sections of the statute an indictment should be found’ ” (People v Florio, 301 NY 46, 53, quoting People v Malavassi, 248 App Div 784, affd 273 NY 460). In the instant case, the Legislature has provided in the Tax Law an integrated scheme of duties on vendors to collect, record, and pay sales tax, and for penalties to be imposed for certain breaches of those duties. The State seeks to maintain a criminal prosecution under a statute outside that *372 integrated scheme under circumstances in which great doubt is cast on whether such power has been vested in the prosecutor. The Legislature’s structuring of section 1145 to provide substantial civil penalties for failing to pay over sales tax and to exclude this conduct from the criminal penalties section must be deemed to manifest an intent to exclude such conduct from criminal prosecution under either the Tax Law or the Penal Law (cf. People v Lewis, 29 NY2d 923).
Defendant Proof of the Pudding asserts error with respect to its conviction for failure to file sales tax returns. Proof of the Pudding was charged with failure to file sales tax returns with intent to evade the payment of the tax. It is noted on behalf of the corporate defendant that for the relevant period sales tax returns had been filed and that they were merely filed late. It is also argued that even if a failure to file returns was properly found, the State has failed to prove that the failure was accompanied by an intent to evade paying taxes.
The State counters that no tax returns for the period had been filed until after defendant had been officially notified that it was under investigation by the State Tax Commission. The State also notes that defendant made no effort to reduce tax liability due on those returns until nearly two years after the returns had been filed, and then only a nominal sum had been paid. Viewing the record in a light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that that defendant had both failed to file a sales tax return within the meaning of the law and did so with intent to evade payment of the taxes (see People v Contes, 60 NY2d 620, 621).
Accordingly, on the appeal by Frank Valenza, the order of the Appellate Division should be reversed and the indictment dismissed.
On the appeal by Proof of the Pudding, Inc., the order of the Appellate Division should be modified by vacating the conviction for grand larceny in the second degree, dismissing the counts of the indictment charging defendant with grand larceny in the second degree, vacating the sentence imposed and remitting the matter to Supreme Court, New *373 York County, for resentence on the remaining counts and, as so modified, said order should be affirmed.
Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On appeal by defendant Valenza: Order reversed and indictment dismissed.
On appeal by defendant Proof of the Pudding, Inc.: Order modified and case remitted to Supreme Court, New York County, for resentence in accordance with the opinion herein and, as so modified, order affirmed.

 The Legislature has not, however, seen fit to ascribe criminal sanctions generally for failure to pay over sales tax. Defendants point out and the State acknowledges that the Legislature has declined to enact proposed legislation that would enhance the criminal sanctions for conduct that now constitutes a misdemeanor to felony status, and would for the first time include and ascribe as a felony the failure to pay over sales tax (see, e.g., Assembly Intro No. 632-A [1979]). We note that the Legislature, while providing for the imposition of a substantial civil penalty for a failure to pay over sales tax, has declined to include such conduct in the criminal penalties provision with its incorporation by reference of all other statutes that would be applicable (see New York State Bankers Assn. v Albright, 38 NY2d 430, 438).