OPINION OF THE COURT
Seymour Rotker, J.
The defendant was charged in this indictment with the crime of grand larceny in the second degree, offering a false instrument for filing in the first degree (11 counts) and a violation of subdivision (b) of section 1145 of the Tax Law. Thereafter, defendant moved for inspection of the Grand Jury minutes and dismissal of the indictment upon the authority of People v Valenza (60 NY2d 363). The Attorney-General has conceded that the Valenza decision is dispositive of the charge of grand larceny in the second degree, but maintains that the counts of offering a false instrument for filing in the first degree are legally sufficient and remain unaffected by the Valenza decision. He alleges that said crime falls within the purview of subdivision (b) of section 1145 of the Tax Law which imposes criminal sanctions and specifically authorizes other penalties “herein or elsewhere prescribed”. The Attorney-General further argues that a prosecution may be maintained under any penal provision notwithstanding that it overlaps with a more specific statute, provided there is no *98 legislative intent to the contrary. The defendant argues upon the authority of Valenza that the Tax Law contains an “integrated” and “comprehensive” scheme of civil and criminal penalties and that prosecution of said offense must be maintained exclusively within the Tax Law.
The gravamen of the charges against defendant are that he failed to remit sufficient sales tax on the business conducted by his corporation and filed false sales tax returns understating gross sales and services and taxable sales and services.
In People v Valenza (supra), the court reversed defendant’s conviction of grand larceny in the second degree, holding that the failure of a restaurant corporation and its sole owner to remit sales tax subjected them to civil penalties only, and not to criminal liability. The court noted that article 28 of the Tax Law, which establishes and regulates the imposition and collection of sales tax, contains within its provisions a “Penalties and interest” section divided into subdivisions. Subdivision (a) of section 1145 covers civil penalties and subdivision (b) imposes criminal sanctions on certain acts. The failure to pay over taxes is covered only in subdivision (a) of section 1145 and is not among the enumerated acts made criminal in subdivision (b). Accordingly, the court, in construing legislative intent, found that the failure to pay over sales tax may not be considered criminal conduct and is subject to civil penalties only. The court held that: “In creating the Tax Law, the Legislature provided * * * a comprehensive scheme of civil and criminal penalties. However, in doing so, the Legislature has excluded [the] failure to pay over * * * taxes collected by a vendor from the criminal penalties provision and, instead, has seen fit to impose a substantial civil penalty. The structure of the penalties provision of article 28 of the Tax Law and the Legislature’s failure to deem a withholding of sales tax collected as criminal conduct must be construed as a legislative intention to provide the civil penalty as the exclusive means of prosecuting this conduct.” (People v Valenza, supra, p 367.)
Subdivision (b) of section 1145 of the Tax Law provides in pertinent part: “Any person failing to file a return or report required by this article, or filing or causing to be *99 filed * * * any return, report * * * which is wilfully false * * * shall, in addition to any other penalties herein or elsewhere prescribed, be guilty of a misdemeanor”. (Emphasis supplied.) Unlike the penalties for a failure to remit or file a tax return addressed in Valenza (supra), which are found exclusively within the civil sections of subdivision (a) of section 1145, the instant charge of filing a false tax return falls within the ambit of the criminal section of subdivision (b) of section 1145. The Valenza court left open the question of whether the legislative intent in creating the criminal section of subdivision (b) of section 1145 was to make it the exclusive sanction, thereby precluding prosecution under provisions of the Penal Law. A fair reading of that section, however, particularly the phrase “herein or elsewhere prescribed” indicates that this section was not to be mutually exclusive. This is distinguished from subdivision (a) of section 1145, which contains no language of a similar nature.
In construing legislative intent, words are to be given their plain and ordinary meaning and the language of the statute is to be construed according to its natural and most obvious sense (McKinney’s Cons Laws of NY, Book 1, Statutes, § 232). As the Attorney-General has noted, the word “herein” taken in context, connotes a reference to the provision of subdivision (a) of section 1145 of the Tax Law, while “elsewhere prescribed” quite plainly refers to sanctions outside the Tax Law. This is true since nowhere else within the Tax Law are there other penalties for filing false tax returns.
The Valenza court (supra), noted that, “In closely analogous situations, when the Legislature has intended to make criminal conduct such as that engaged in by defendants here, it has done so clearly” (People v Valenza, supra, p 370). The court stated further that “a model of how to ascribe criminality to a failure to pay over taxes” is found in subdivision (c) of section 695 of the Tax Law relating to the withholding and payment of personal taxes (p 370). That section provides that one “who willfully fails to * * * pay over any withholding tax as required, shall, in addition to other penalties provided by law, be guilty of a misdemeanor” (emphasis supplied). Similarly, as noted in *100 Valenza (p 371), subdivision 1 of section 79-a of the Lien Law provides that when a “ ‘trustee of a trust arising under this article’ misappropriates trust funds”, he may be “ ‘guilty of larceny and punishable as provided in the penal law’ While there is no specific reference to the Penal Law in subdivision (b) of section 1145 of the Tax Law, the language “in addition to any other penalties herein or elsewhere prescribed” (Tax Law, § 1145, subd [b]), is unambiguous and a clear directive that a prosecution for such an offense will also lie outside the confines of the Tax Law.
A prosecution may be maintained under two or more penal provisions as long as it is applicable to the situation and there is no legislative limitation (People v Sansanese, 17 NY2d 302). In People v Eboli (34 NY2d 281, 287), the court held that: “[W]e have consistently held that overlapping in criminal statutes, and the opportunity for prosecutorial choice they represent, is no bar to [the] prosecution. Unless there is evidence of legislative intent to the contrary (see, e.g., People v. Knatt, 156 N. Y. 302), the existence of a specific statute prohibiting the conduct involved, does not prevent prosecution under a more general statute.”
The Valenza court (supra), recognized this principle, but distinguished it in that the legislative structure of section 1145, with respect to paying over sales tax, made prosecution within that section mutually exclusive. There is no legislative prohibition against prosecution of this type of offense outside of the Tax Law and, in fact, the statutory language sanctions it.
The two offenses charged also contain different elements. Subdivision (b) of section 1145 of the Tax Law, an A misdemeanor, proscribes, among other things, the simple failure to file a return and the willful filing of a false return. No intent to defraud is required. Section 175.35 of the Penal Law, an E felony, requires that the filing be done with the additional element of “intent to defraud the state or any political subdivision thereof.” This aggravating element renders the crime to be of a more heinous nature. As the two statutes are not in conflict with each other and contain different elements, the court finds an additional basis to hold that the two statutes are not mutually exclusive.
*101 Based upon the foregoing, the court concludes that the Grand Jury minutes are legally sufficient to sustain the counts of offering a false instrument for filing in the first degree and subdivision (b) of section 1145 of the Tax Law. Release of the Grand Jury minutes to defense counsel is unnecessary as the court has already ruled upon the sufficiency of same.