OPINION OF THE COURT
Norman J. Felig, J.
The defendants move “for an order granting reargument and reconsideration of that part of defendants [sic] Omnibus Motion requesting an order of the Court to dismiss said indictments pursuant to §210.20(l)(a) of the Criminal Procedure Law upon the ground that the indictments or counts thereof are defective within the meaning of §210.25 of the Criminal Procedure Law and pursuant to §210.20(l)(h) of the Criminal Procedure Law upon the ground that there exists a jurisdictional and/or legal impediment to conviction of the defendants for the offenses charged, and for an order of this Court dismissing said indictments for the grounds previously stated and for such other and further relief as to this Court may seem just and proper.” The defendants also request that their guilty plea be vacated.
CHRONOLOGY
On January 27, 1983, the defendants, who were the owners and operators of two gas stations located in the Borough of Staten Island, were indicted, under indictment number 22/1983, for grand larceny in the second degree (Penal Law, § 155.35; one count) and offering a false instrument for filing in the first degree (Penal Law, § 175.35; 13 counts). Simultaneously, they were indicted, under indictment number 23/1983, for grand larceny in the second degree (Penal Law, § 155.35; one count) and offering a false instrument for filing in the first degree (Penal Law, § 175.35; eight counts). The grand larceny charges stem from the fact that the defendants failed to pay to the State of New York sales taxes they collected in connection with the operations of both service stations. The charges of offering a false instrument for filing stems from the fact that they allegedly filed New York State and local sales and use tax returns which were willfully false.
On April 19,1983, the defendants, as part of an omnibus motion, moved, inter alia, to dismiss both indictments on *1044 the ground that there existed a jurisdictional or legal impediment to their conviction for the offenses charged (CPL 210.20, subd 1, par [h]). By order, dated May 11, 1983, this court denied the motion. Indictment number 23/1983 was thereafter merged into indictment number 22/1983 on June 28, 1983. On September 19, 1983, the defendant, Robert Walsh, pleaded guilty to the crime of offering a false instrument for filing in the first degree (Penal Law, § 175.35), an E felony, under count nine of consolidated indictment 22/1983; the defendant, Geraldine Walsh, pleaded guilty to an attempt to offer a false instrument for filing in the first degree (Penal Law, §§ 110.00, 175.35) as an A misdemeanor, also under count nine of the same consolidated indictment. As part of the plea bargain, the defendants were to receive a sentence of probation and a fine provided there was full restitution. The parties have not been able to agree on the amount of the restitution. The defendants are awaiting sentence.
On December 1, 1983, the Court of Appeals decided People v Valenza (60 NY2d 363), which held that the failure to pay over sales tax to the State after having collected those funds may not be prosecuted as a larceny under the Penal Law. The defendants then brought the instant motion.
CONTENTIONS
The defendants challenge the validity of the indictment charging them with the felonies of grand larceny in the second degree (Penal Law, § 155.35) and offering a false instrument for filing in the first degree (Penal Law, § 175.35). Briefly summarized, the argument is made that the indictments are fatally defective and must be dismissed. The defendants state that the grand larceny count must be dismissed by virtue of the Valenza holding (supra). They claim that the counts charging offering a false instrument for filing in the first degree must also be dismissed because the underlying conduct allegedly attributed to the defendants is proscribed by the Tax Law and any punishment imposed for a violation of its provisions must be pursuant to the Tax Law. They argue that in Valenza, the court, although not addressing itself to this offense, mandated that any sales tax violations be prosecuted only *1045 under the Tax Law which contains its own scheme of civil and criminal penalties. Since the charges of offering a false instrument for filing in the first degree are defined in the Penal Law, not the Tax Law, the remaining counts in the indictment must be dismissed. In addition, the defendants claim that the “instrument” contemplated by section 175.35 of the Penal Law refers to a public document and/or record consisting of a formal or legal document that evidences legal rights and duties of one party to the other. They contend that a New York State and local sales and use tax return (form ST-100) is not a public document or record because it is merely a report of sales tax collected during a particular period. Since its filing does not require the State to take any action it does not constitute an “instrument” within the meaning of that section.
The State concedes that as a result of Valenza (supra), the defendants may not be prosecuted for larceny upon their alleged failure to pay over sales taxes collected by them. However, the State contends that Valenza does not proscribe all prosecutions under the Penal Law involving sales tax violations and therefore, does not prevent the State from charging the defendants under the Penal Law with offering a false instrument for filing, as a felony, providing they can establish that fraudulent sales tax returns were filed. In this connection, they argue that since the actions of the defendants constitute criminal conduct, they may be prosecuted under the Tax Law as well as any other applicable criminal statute. The State claims that Valenza has no bearing upon their guilty pleas to the crime of offering a false instrument for filing, because Valenza affects only the larceny count. Finally, defendants, by their plea of guilty, “waived all non-jurisdictional defects including any alleged insufficiency of evidence presented to the grand jury which indicted him [sic].” In addition to these substantive issues, the State raises, as a threshold issue, that the defendants’ motion must be denied because they have not made “any request to allow them to withdraw their plea nor set forth any grounds on which the court should exercise its discretion to do so.”
ISSUES
The following issues have been raised which the court will discuss seriatim;
*1046 A. Should defendants be granted leave to reargue?
B. Does a sales tax return constitute an “instrument” within the meaning of section 175.35 of the Penal Law?
C. Is the Tax Law the exclusive statute for determining sales tax violations proscribing prosecution under the Penal Law, as a felony?
D. (1) Are the indictments jurisdictionally defective? And, if so,
(2) Did the defendants waive the jurisdictional defect by pleading guilty?
APPLICABLE STATUTES
Section 1145 of the Tax Law — Penalties and Interest.
“(a)(l)(i) Any person failing to file a return or to pay or pay over any tax to the tax commission * * * shall be subject to a penalty of five percent of the amount of tax due * * *
“(b) any person * * * filing or causing to be filed, or making or causing to be made, or giving or causing to be given any return, report * * * which is wilfully false * * * shall, in addition to any other penalties herein or elsewhere prescribed, be guilty of a misdemeanor, punishment for which shall be a fine of not more than one thousand dollars or imprisonment for not more than one year, or both such fine and imprisonment.”
Section 175.35 of the Penal Law — Offering a False Instrument for Filing in the First Degree.
“A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state * * * he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with * * * or otherwise become a part of the records of such public office or public servant.
“Offering a false instrument for filing in the first degree is a class E felony.”
*1047 CONCLUSIONS OF LAW
A. Should defendants be granted leave to reargue?
The defendants request this court to extend the holding of Valenza (supra) to this indictment. When the defendants originally moved, by omnibus motion, to dismiss the indictment (April 19, 1983), the state of the law was such that a grand larceny indictment would lie against defendants for their alleged failure to remit sales taxes collected by them for the State (People v Valenza, 108 Misc 2d 86, affd 90 AD2d 466, supra; People v Lyon, 82 AD2d 516). As a result, this court was constrained to deny the motion. The Court of Appeals decided People v Valenza (supra) after these defendants pleaded guilty (Sept. 19, 1983) and were awaiting sentence. The court is of the opinion that in light of Valenza, valid issues are now presented concerning the validity of the instant indictment which should be addressed. In the interest of justice and good cause having been shown, the court, in its discretion, grants reargument.

B. Does a sales tax return constitute an “instrument” within the meaning of section 175.35 of the Penal Law?

At the threshold the court should determine whether a sales tax return is the type of document or instrument, the false filing of which, would give rise to a charge of offering a false instrument for filing in the first degree as provided in section 175.35 of the Penal Law. For, if a sales tax return is not the type of “instrument” contemplated by section 175.35, then the indictments herein would have to be dismissed for the reason that the court would not have obtained subject matter jurisdiction. In that case, all of the other issues enumerated above would become moot and would not have to be addressed.
The defendants contend that the counts of the indictment charging them with offering a false instrument for filing in the first degree (Penal Law, § 175.35) must be dismissed because a tax return is not an instrument as required under the Penal Law. There is no merit to this contention.
Section 175.00 of the Penal Law, insofar as is relevant, defines written instrument as “any instrument or article containing written or printed matter * * * used for the *1048 purpose of * * * conveying or recording information, or constituting * * * evidence of value * * * which is capable of being used to the advantage or disadvantage of some person.”
The crime of offering a false instrument for filing in the first degree (Penal Law, § 175.35) is committed when a person intentionally files a written instrument with a public office knowing that it contains false information or a false statement with intent to defraud the State. Thus, whoever intentionally files a false instrument with a public office or public servant for the purposes of frustrating the State’s power to fulfill its responsibility of faithfully carrying out its own law is guilty of offering a false instrument for filing in the first degree. (People v Kase, 76 AD2d 532.) “ Tt is not necessary that the Government shall be subjected to property or pecuniary loss by the fraud, but only that its legitimate official action and purpose shall be defeated by misrepresentation, chicane or the overreaching of those charged with carrying out the governmental intention’ (Hammerschmidt v United States, 265 US 182, 188, supra).” (People v Kase, supra, p 537.)
The alleged fraud contemplated in the case at bar was that the defendants filed sales tax returns in which they allegedly undervalued their taxable sales of automotive fuel and related products to minimize the amount of sales tax they would have to remit to the State. The seller of automotive fuel is required to file a sales tax return in which he “shall show the number of gallons of automotive fuel sold * * * in order to certify the amount of taxes, penalties and interest payable * * * on the sale or use of automotive fuel”. (Tax Law, § 1136, subd [a].) The alleged fraud attempted to be practiced would, if it had succeeded, have resulted in the payment of less moneys than would otherwise have been due and owing to the State. Viewed in this light, the sales tax returns subscribed and filed by the defendants fall within the definition of “written instrument”. In People v Bel Air Equip. Corp. (39 NY2d 48), the court considered several characteristics of what it thought an “instrument” should possess. It held that a State voucher was an “instrument” within section 175.35 of the Penal Law because the voucher was subscribed by defen *1049 dant and bore a certification or warranty of the accuracy of its contents. (People v Bel Air Equip. Corp., supra; see, also, concurring opn, Gabrielli, J., supra, p 56.) In the case at bar, the defendants submitted sales tax returns subscribed by them in which they certified the accuracy of its contents in order to support the amount of taxes, penalties and interest they claimed they owed the State. The filing of an inaccurate return would result in a lesser amount of money being remitted to the State in violation of the statutory mandate and duty imposed on them.
The defendants are incorrect in contending that “a sales tax return is merely a report of sales tax collected during a certain period and does not demand or require upon its filing that the State or any of its subdivisions take an action [sic] nor would the return cause any mischief the statute seeks to prevent”. Under this interpretation, the State would have no responsibility of checking the accuracy of any such returns that have been filed to determine whether the correct amount of taxes have been remitted. “As we view it, the purpose of section 175.35 is to guard against the possibility that officers of the State or its political subdivisions would act upon false or fraudulent ‘instruments’ that had been filed with their offices in the belief that such documents were accurate and true.” (People v Bel Air Equip. Corp., supra, p 54.) The State can determine the correct amount of taxes remitted to it only by checking the accuracy of any return after it has been filed. It cannot do so unless and until the return is filed. Hence, the sales tax return does evidence mutual obligations and responsibilities as between the State and the defendants. Filing a false return violates their duty to file an accurate return. This court determines that a sales tax return is an “instrument” as defined in section 175.00 of the Penal Law.
The question is whether the filing of a false sales tax return in violation of the Tax Law could also serve as the basis for a charge of offering a false instrument for filing under the Penal Law. The court believes that a careful analysis of Valenza (supra) leads to one conclusion. The question must be answered in the negative, as will be seen from the discussion which follows.

*1050
C. Is the Tax Law the exclusive statute for determining sales tax violations proscribing prosecution under the Penal Law, as a felony ?

In People v Valenza (60 NY2d 363, 371-372, supra) the court stated: “the Legislature has provided in the Tax Law an integrated scheme of duties on vendors to collect, record, and pay sales tax, and for penalties to be imposed for certain breaches * * * The State seeks to maintain a criminal prosecution under a statute outside that integrated scheme under circumstances in which great doubt is cast on whether such power has been vested in the prosecutor. The Legislature’s structuring of section 1145 to provide substantial civil penalties for failing to pay over sales tax and to exclude this conduct from the criminal penalties * * * must be deemed to manifest an intent to exclude such conduct from criminal prosecution under either the Tax Law or the Penal Law (cf. People v Lewis, 29 NY2d 923).”
The Court of Appeals reversed the order of the Appellate Division affirming Valenza’s conviction for larceny and dismissed the indictment. So, too, in the case at bar, the counts of the indictments charging the defendants with grand larceny in the second degree are dismissed.
Subdivision (b) of section 1145 of the Tax Law provides that a person who files “any return, report * * * which is wilfully false * * * shall, in addition to any other penalties herein or elsewhere prescribed, be guilty of a misdemeanor”.
Is subdivision (b) of section 1145 of the Tax Law the exclusive statute for imposing criminal penalties for violations of it provisions? The State contends that it is not and violators may be prosecuted under the Penal Law as well as the Tax Law.
Section 175.35 of the Penal Law provides that “A person is guilty of offering a false instrument for filing in the first degree when, knowing that a written instrument contains a false statement or false information, and with intent to defraud the state * * * he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with * * * or otherwise become a part of the records of such public office or public servant.”
*1051 Both statutes appear to make the same conduct punishable; the Tax Law provision being the more specific and the Penal Law provision the more general.
In Valenza (supra), the court discussed a prosecutor’s discretion to prosecute under the more general of two overlapping statutes. “Although it is true that when two or more statutes make punishable the same conduct, a prosecutor may generally choose among the statutes when initiating a prosecution, that discretion may be limited by a legislative intention to make a specific statute the exclusive means of punishing particular conduct * * * On this basis, cases that uphold a prosecutor’s discretion to maintain prosecutions under the more general of two overlapping criminal statutes are readily distinguishable from the case at bar” (People v Valenza, supra, at p 371; emphasis supplied.)
The court stated that if the Legislature had intended to make conduct which was criminal under the Tax Law provisions, punishable under the Penal Law as well, it would have so provided. In this respect, the court noted that article 3-A of the Lien Law specifically provided for the imposition of criminal penalties under the Penal Law against a contractor who breached his statutorily imposed fiduciary duties over funds received for the improvement of real estate. The court stated that: “when the Legislature has desired to make the breach of a statutorily imposed duty punishable under the Penal Law, it has done so in an unambiguous manner. For example, article 3-A of the Lien Law imposes on a contractor a fiduciary duty over funds received for the improvement of real property (see Lien Law, §§ 70, 71, 71-a). When a Trustee of a trust arising under this article’ misappropriates trust funds, the Legislature has provided that the trustee may be ‘guilty of larceny and punishable as provided in the penal law’ (Lien Law, § 79-a, subd 1; see People v Chesler, 50 NY2d 203).” (People v Valenza, supra, pp 370-371.)
In the case at bar, the State argues that the language employed by the Legislature, to wit, “in addition to any other penalties herein or elsewhere prescribed” permits prosecution under the Penal Law as well. This court disagrees. Extending the reasoning of Valenza (supra) to the *1052 case at bar, this court holds that had the Legislature intended to make the filing of a tax return which is willfully false punishable under the Penal Law, it would have so provided in unambiguous language.
The Attorney-General has called to this court’s attention several unreported decisions upholding the prosecution of sales tax violations under the Penal Law* It is settled law, that unless there is legislative intent to the contrary, in cases involving overlapping criminal statutes there is prosecutorial discretion in choosing one of several applicable statutes under which to proceed. “Unless there is evidence of legislative intent to the contrary * * * the existence of a specific statute prohibiting the conduct involved, does not prevent prosecution under a more general statute * * * The same result follows even where the overlap is inherent in the definitions of two offenses.” (People v Eboli, 34 NY2d 281, 287, cases cited therein.)
In the case at bar, the specific statute dealing with the filing of a false sales tax return is subdivision (b) of section 1145 of the Tax Law wherein that conduct is denominated a misdemeanor. The more general penal statute concerning offering a false instrument for filing is section 175.35 of the Penal Law, a felony. The essential elements of both crimes are virtually the same. Under ordinary circumstances there is no constitutional bar to a prosecutor’s discretion to maintain prosecutions under the more general of two overlapping criminal statutes. However, as the court pointed out in Valenza, “that discretion may be limited by a legislative intention to make a specific statute the exclusive means of punishing particular conduct”. (People v Valenza, supra, at p 371.) This court has already determined that subdivision (b) of section 1145 is the exclusive means of punishing the filing of a sales tax return which is willfully false. Significantly, in Valenza the court noted in a footnote, that “[defendants point out and the State acknowledges that the Legislature has declined to enact proposed legislation that would enhance the *1053 criminal sanctions for conduct that now constitutes a misdemeanor to felony status” (People v Valenza, supra, p 370, n; emphasis supplied). Thus, it would appear, that the legislative intent, unquestionably, is that the filing of a willfully false return shall be punished as a misdemeanor and not as a felony. Consequently, even assuming, arguendo, that subdivision (b) of section 1145 is not the exclusive statute pursuant to which criminal prosecutions may be brought (as my learned colleagues, from a reading of the cases cited by the State, obviously believed) the charge of offering a false instrument for filing in the first degree (Penal law, § 175.35), a felony, cannot lie. To hold otherwise would sanction the enhancing of the punishment from a misdemeanor to a felony contrary to legislative intent.

D. (1) Are the indictments jurisdictionally defective?

The clear intent of section 1145 of the Tax Law, being to define the sanctions which could be imposed for all sales tax violations, whether civil or criminal, under an integrated scheme created by the Legislature, the State may not proceed contrary thereto. Thus, the State may not seek a felony indictment under the Penal Law based upon criminal conduct which is defined under subdivision (b) of section 1145 of the Tax Law as constituting a misdemeanor. In Valenza, the court stated: “In the instant case, the Legislature has provided in the Tax Law an integrated scheme of duties on vendors to collect, record, and pay sales tax, and for penalties to be imposed for certain breaches of those duties. The State seeks to maintain a criminal prosecution under a statute outside that integrated scheme under circumstances in which great doubt is cast on whether such power has been vested in the prosecutor.” (People v Valenza, supra, pp 371-372.)
This court holds that in seeking an indictment for a felony on the facts of this case, the State exceeded its authority. The indictments rendered by the Grand Jury are, therefore, not valid accusatory instruments. Under the law, criminal actions in a superior court are commenced by the filing therewith by a Grand Jury of an indictment. This presupposes the filing of a valid accusatory instrument otherwise the court does not acquire jurisdiction. (CPL *1054 100.05.) Since the indictments filed in this case were not valid accusatory instruments, the court did not acquire jurisdiction.
In a case where a defendant was charged in an information with the commission of an “infamous” crime, the Court of Appeals held that the information was a nullity where the State Constitution provided that such crimes could be prosecuted only by way of indictment. Further, the defendant could not consent, in that case, to prosecution on the information. (People ex rel. Battista v Christian, 249 NY 314.) In People v Patterson (39 NY2d 288, 295), it was held that where the trial court had no jurisdiction, a judgment of conviction must be reversed by an appellate court even though the question was not formally raised in the lower court. Unquestionably, there are constitutional rights and privileges which may be waived. However, waiver is not permitted where a question of jurisdiction is involved. In the instant case, contrary to legislative intent, the indictment charged the defendants with the commission of a felony upon the very conduct which in the primary statute is made a misdemeanor. Consequently, it is not an appropriate accusatory instrument for conferring jurisdiction upon the court. “The right to an appropriate accusatory instrument is a nonwaivable fundamental right, whatever the court and whether the crime is a felony or a misdemeanor (People v Scott, 3 NY2d 148, 153, supra [misdemeanors]; People ex rel. Battista v Christian, 249 NY 314, 318, supra [felonies])” (People v Sutton, 99 AD2d 361, 369).
This court further notes that the two-year Statute of Limitations applicable to sales tax violations as misdemeanors under the Tax Law has expired. The State, aware of this, apparently, initiated these proceedings as felonies under the Penal Law provisions in order to avoid the bar of the two-year statute. The State may not circumvent the two-year statute in this manner. (CPL 30.10; cf. People v Nelson, 153 NY 90.) The State may not indict the defendants for a felony (Penal Law, § 175.35) in order to avoid the bar of the two-year Statute of Limitations applicable to a misdemeanor (Tax Law, § 1145, subd [b]). Such action cannot confer upon this court the jurisdiction required for it to act.

*1055
D. (2) Did the defendants waive the jurisdictional defect by pleading guilty ?

The State contends that the defendants “may not now challenge the applicability of the statute to which they have already entered a plea of guilty. By having pleaded guilty, defendants waived their right to attack the sufficiency of the indictment.” As this court stated above, in obtaining indictments against the defendants charging them with felonies under the Penal Law, the State proceeded in excess of its authority, in contravention of the clear expression of legislative intent to the contrary, and further, attempted to illegally circumvent the bar of the two-year Statute of Limitations. Under the circumstances the indictments were not appropriate accusatory instruments and failed to confer jurisdiction upon this court. Therefore, all proceedings under the indictments were invalid. (People ex rel. Gray v Tekben, 86 AD2d 176, affd 57 NY2d 651; see, also, People v Sutton, supra.) The filing of an indictment in violation of statutory authority can never confer jurisdiction upon a court. (People v Knatt, 156 NY 302; People ex rel. Gray v Tekben, supra; People v Sutton, supra.) The issue thus raised by defendants’ motion relates to the very basis of this court’s jurisdiction and, as such, survives the defendants’ plea of guilty. (People v Iannone, 45 NY2d 589; People v Corti, 88 AD2d 345.) As the court pointed out in People v Sutton (supra, p 366) “as so well described by Justice Damiani in Gray (supra), a lack of subject matter jurisdiction is a basic defect which cannot be waived by a defendant, and such jurisdiction requires for its establishment a valid and sufficient accusatory instrument (see People v Case, 42 NY2d 98; People v Scott, 3 NY2d 148).”
The indictments, charging the defendants with a felony under section 175.35 of the Penal Law, did not confer subject matter jurisdiction upon this court. Since this defect cannot be waived, it survives the pleas of guilty entered by the defendants.
Under CPL 220.60 (subd 3) the issue of whether to grant permission to withdraw a previously entered guilty plea rests within the discretion of the court. (People v Thomas, 78 AD2d 940.) “At any time before the imposition of *1056 sentence, the court in its discretion may permit a defendant who had entered a plea of guilty * * * to part of the indictment * * * to withdraw such plea, and in such event the entire indictment, as it existed at the time of such plea, is restored.” (CPL 220.60, subd 3.) Although in this case defendants have not specifically requested that they be permitted to withdraw their plea they have requested “that the indictments be dismissed in their entirety and the guilty plea of the defendants vacated and for such other and further relief as to this court may seem just and proper.” The court considers this request sufficient to constitute an application for permission to withdraw their pleas of guilty. The application is granted. The pleas of guilty heretofore entered by defendants on September 19, 1983, are vacated and set aside and their pleas of not guilty to the indictments are reinstated.
Upon reargument, the court's original decision and order, dated May 11,1983, denying the defendants’ motion to dismiss the indictments is recalled; the motion is granted and the indictments are dismissed as to both defendants.

 People v Babakurban, Supreme Ct, Nassau County, March 14, 1984, Boklan, J; People v Petrou, Supreme Ct, Queens County, Feb. 22, 1984, Rotker, J.; People v Cohen, 123 Misc 2d 97; People v Livingston, County Ct, Albany County, Jan. 31, 1984, Clyne, J.; People v Azia Okbinoglu, County Ct, Albany County, Jan. 20, 1984, Harris, J.; People v Ahmet Okbinoglu, County Ct, Albany County, Jan. 20, 1984, Harris, J.