THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PISANO, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant was indicted for grand larceny in the second degree (Penal Law, § 155.35), offering a false instrument for filing in the first degree (Penal Law, § 175.35) and failure to file a sales tax return (Tax Law, § 1145, subd [b]). He was convicted of the false instrument and failure to file charges and acquitted of the grand larceny charge. Defendant contends that the conviction for offering a false instrument for filing is invalid because the penalty provided in subdivision (b) of section 1145 of the Tax Law is the exclusive remedy and because the guilty verdict was inconsistent with the acquittal for grand larceny.

Defendant waived his exclusivity argument by failing to make a motion to dismiss prior to or during trial and he cannot raise the point for the first time in his brief on appeal (see *People v Grimsley,* 60 AD2d 980, 981; CPL 210.20, subd 1, par [h]). The argument has no merit in any event because unlike the failure to pay sales taxes at issue in *People v Valenza* (60 NY2d 363) for which the Tax Law prescribed only a civil penalty (Tax Law, § 1145, subd [a]), the conduct for which defendant was convicted in this case, i.e., intentional filing of false sales tax returns, is a crime under both section 175.35 of the Penal Law and subdivision (b) of section 1145 of the Tax Law (cf. *People v Fratto,* 103 AD2d 1000). It is well settled that overlapping criminal statutes present no bar to prosecution under a more general statute which provides a more severe penalty (see *People v Eboli,* 34 NY2d 281, 287; *People v Lubow,* 29 NY2d 58, 67; *People v Bergerson,* 17 NY2d 398, 401).

Defendant's contention that the verdict was inconsistent and repugnant also was not properly preserved for review (see *People v Stahl,* 53 NY2d 1048). In any event, the verdict was not inconsistent because acquittal of defendant of grand larceny in the second degree was not conclusive as to any necessary element of defendant's conviction for offering a false instrument for filing in the first degree (see *People v Tucker,* 55 NY2d 1). Since the two crimes do not have the same elements (see *People v Gross,* 51 AD2d 191, 198) and require a separate and specific intent (see *People v McDavis,* 97 AD2d 302, 304-305), the jury could have found that defendant intended to defraud the State (Penal Law, § 175.35) but did not intend to steal property (Penal Law, § 155.35). (Appeal from judgment of Oneida County Court,

Mordue, J. — offering false instrument for filing and failure to file tax return.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.