THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT WALSH and GERALDINE WALSH, Respondents.

Second Department, June 3, 1985

**APPEARANCES OF COUNSEL**

*Robert Abrams*, Attorney-General (*Edward D. Saslaw* and *William F. Dowling* of counsel), for appellant.

*Barone Passarello & LaRosa, P.C.* (*Richard A. LaRosa* of counsel), for respondents.

**OPINION OF THE COURT**

Per Curiam.

The instant case presents the question of whether a person who files a false New York State and local sales and use tax return may be subject to prosecution under the Penal Law for the crime of offering a false instrument for filing in the first degree. The question should be answered in the affirmative.

Defendant Robert Walsh, the owner and operator of two gasoline stations in Richmond County, and his wife, defendant Geraldine Walsh, were originally charged, in two separate indictments, with 2 felony counts of grand larceny in the second degree (*see,* Penal Law § 155.35) and 21 felony counts of offering

a false instrument for filing in the first degree (*see,* Penal Law § 175.35). The grand larceny counts were founded upon defendants' alleged failure to pay over to the State sales taxes collected from customers at the two gas stations during the period September 1, 1977 to November 30, 1980. The other counts related to defendants' alleged filing of false sales and use tax returns on behalf of the two gas stations covering the period September 1, 1977 to November 30, 1980.

Defendants moved to dismiss all counts of both indictments on the ground, *inter alia,* that the Tax Law comprised the exclusive basis of prosecution for the conduct alleged in the indictments. Criminal Term denied the motion to dismiss. After both indictments were consolidated, defendants entered pleas of guilty on September 19, 1983, in satisfaction of the consolidated indictment. Specifically, defendant Robert Walsh pleaded guilty to one count of offering a false instrument for filing in the first degree and defendant Geraldine Walsh pleaded guilty to attempt to offer a false instrument for filing in the first degree.

Prior to sentencing and upon defendants' motion, Criminal Term vacated their pleas and upon granting reargument of so much of defendants' motion as sought dismissal of all counts of the indictments, dismissed the grand larceny counts upon the authority of *People v Valenza* (60 NY2d 363), which was decided after the entry of defendants' guilty pleas (*People v Walsh,* 123 Misc 2d 1042). In addition, Criminal Term dismissed the other counts of the indictments, essentially on the ground that the Tax Law provided the exclusive means for prosecuting defendants for the filing of a false sales and use tax return (*People v Walsh, supra*).

We now reinstate those counts of the original two indictments charging defendants with the crime of offering a false instrument for filing in the first degree.

In *People v Valenza* (*supra,* at p 367) the Court of Appeals held that: "A vendor who collects sales taxes from customers, but fails to remit the sales taxes due the State under circumstances indicating an intent to permanently deprive the State of the taxes, may not be subjected to criminal prosecution for larceny by embezzlement. In creating the Tax Law, the Legislature provided an integrated statutory regulation that includes a comprehensive scheme of civil and criminal penalties. However, in doing so, the Legislature has excluded failure to pay over sales taxes collected by a vendor from the criminal penalties provision and, instead, has seen fit to impose a substantial civil penalty. The structure of the penalties provision of article 28 of

the Tax Law and the Legislature's failure to deem a withholding of sales tax collected as criminal conduct must be construed as a legislative intention to provide the civil penalty as the exclusive means of prosecuting this conduct." The court specifically noted that: "[T]he Legislature's structuring of section 1145 to provide substantial civil penalties for failing to pay over sales tax and to exclude this conduct from the criminal penalties section must be deemed to manifest an intent to exclude such conduct from criminal prosecution under either the Tax Law or the Penal Law" (*People v Valenza, supra,* at p 372).*

Distinct from the failure to remit the sales taxes at issue in *People v Valenza* (*supra*), the gravamen of the charges in question against defendants is the filing of false sales and use tax returns. This conduct is covered by the criminal penalties provision of Tax Law § 1145 (b) which provides, in pertinent part: "Any person * * * filing or causing to be filed * * * any return * * * which is wilfully false * * * shall, *in addition to any other penalties herein or elsewhere prescribed,* be guilty of a misdemeanor" (emphasis supplied). As noted by the Court of Appeals in *People v Valenza* (*supra,* at p 370, n), the language of this subdivision "incorporat[es] by reference * * * all other statutes that would be applicable", which we find includes the Penal Law (*see also, People v Pisano,* 105 AD2d 1156; *People v Cohen,* 123 Misc 2d 97). "A prosecution may be maintained under two or more penal provisions as long as it is applicable to the situation and there is no legislative limitation (*People v Sansanese,* 17 NY2d 302). In *People v Eboli* (34 NY2d 281, 287), the court held that: '[W]e have consistently held that overlapping in criminal statutes, and the opportunity for prosecutorial choice they represent, is no bar to [the] prosecution. Unless there is evidence of legislative intent to the contrary (see, e.g., *People v. Knatt,* 156 N.Y. 302), the existence of a specific statute prohibiting the conduct involved, does not prevent prosecution under a more general statute'" (*People v Cohen, supra,* at p 100; *see also, People v Pisano, supra*).

Thus, the People may prosecute defendants for the crime of offering a false instrument for filing in the first degree, based upon the filing of false sales and use tax returns.

---

* In the aftermath of *People v Valenza* (60 NY2d 363), the Legislature amended Tax Law § 1145 by adding the following subdivision (L 1984, ch 575, § 1, eff Nov. 1, 1984): "(d) The penalties provided for in this section shall not preclude prosecution pursuant to the penal law with respect to the willful failure of any person to pay over to the state any sales tax imposed by section eleven hundred five of this article or by any local law adopted by any city or county pursuant to article twenty-nine of this chapter, whenever such person has been required to collect and has collected any such sales tax."

Accordingly, the order of Criminal Term should be reversed insofar as appealed from and the 21 counts of indictments Nos. 22/1983 and 23/1983 charging the crime of offering a false instrument for filing in the first degree should be reinstated as against defendants Robert Walsh and Geraldine Walsh.

WEINSTEIN, J. P., RUBIN, LAWRENCE and KUNZEMAN, JJ., concur.

Order reversed insofar as appealed from, on the law, defendants' motion, to the extent it was to dismiss the 21 counts of indictments Nos. 22/1983 and 23/1983, charging defendants Robert Walsh and Geraldine Walsh with the crime of offering a false instrument for filing in the first degree, denied, those counts reinstated as against defendants Robert Walsh and Geraldine Walsh, and matter remitted to the Supreme Court, Richmond County, for further proceedings.