■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN JENNINGS, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN JENNINGS and ANGELA FIUMEFREDDO, Respondents. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SENTRY ARMORED COURIER CORP. and SENTRY INVESTIGATIONS CORP., Respondents. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN FINNERTY, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN JENNINGS and ANGELA FIUMEFREDDO, Respondents. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN JENNINGS, Respondent. — Order of the Supreme Court, Bronx County (Goldfluss, J.), entered March 21, 1984, dismissing the indictment for misapplication of property regarding repurchase agreements against defendant John Finnerty, is affirmed. (Indictment No. 4380/83.)

Orders of the Supreme Court, Bronx County (Goldfluss, J.), entered March 21, 1984, dismissing the consolidated indictments for grand larceny in the second degree regarding repurchase agreements, against defendants Sentry Armored Courier and Sentry Investigations and defendant Jennings, is affirmed. (Indictments Nos. 4379/83, 370/84.)

Order of the Supreme Court, Bronx County (Goldfluss, J.), entered March 21, 1984, dismissing the indictments for grand larceny in the second degree involving missing payroll and coins, against defendants Jennings, Angela Fiumefreddo and Sentry Armored Courier, is affirmed. (Indictment No. 640/83.)

Order of the Supreme Court, Bronx County (Goldfluss, J.), entered March 21, 1984, dismissing the indictments against defendants Jennings and Sentry Armored Courier for grand larceny in the second degree involving insurance proceeds, is reversed and the indictments are reinstated. (Indictment No. 638/83.)

Order of the Supreme Court, Bronx County (Goldfluss, J.), entered March 21, 1984, dismissing the indictments for grand larceny in the second degree and misappropriation of property involving the missing $100,000, against defendants Jennings and Fiumefreddo, is reversed and the indictments are reinstated. (Indictment No. 369/84.)

These indictments stem from an investigation conducted in the wake of the 1983 multimillion dollar theft at the Sentry Armored Courier Corporation (Sentry). This investigation led to the handing down of indictments against the principals of Sentry and several related individuals and entities. Most of these were dismissed in earlier proceedings, with leave to re-present to a Grand Jury. After they were re-presented and new indictments handed down, these also were dismissed. It is from this dismissal that the People appeal.

We reinstate the charge of grand larceny in the second degree (indictment No. 638/83), charging Jennings and Sentry Armored Courier with failing to pay out insurance proceeds to two companies it was required to reimburse. These two organizations lost money in a robbery of a Sentry armored car, which the insurance money was meant to defray. Inasmuch as Sentry received this money, it was supposed to distribute it. "The essence of the crime of * * * embezzlement is the conversion by the embezzler of property belonging to another which has been entrusted to the embezzler to hold on behalf of the owner" (*People v Yannett,* 49 NY2d 296, 301; *see also, People v Valenza,* 60 NY2d 363, 368). These funds were the property of the firms to which they were owed. They were entrusted to Sentry by its insurance company, to hold and distribute on behalf of the victim companies. Sentry and its president (Jennings) withheld this property and distributed only a part. Therefore, this indictment for grand larceny in the second degree may stand.

The indictment for grand larceny in the second degree against John Jennings and Angela Fiumefreddo should also be reinstated. (Indictment No. 369/84, superseding No. 637/83.) Under an agreement between Chemical Bank and Sentry, Sentry was to keep, in its Bronx garage, a large supply of dollar bills and rolled change, purportedly between $400,000 and $500,000. This money was to be delivered to Waldbaum stores when necessary. Sentry transferred $100,000 of this amount in a compensatory balance checking account at another bank. This enabled Sentry to get a more favorable interest rate on a loan. The names on the signature card were John Jennings and Angela Fiumefreddo. The money in this checking account was carried on Sentry's daily reports to Chemical as if it was at

Sentry's office. Chemical eventually demanded return of the money from Sentry, but the amount Sentry returned was short by $97,393. As senior vice-president, Fiumefreddo was in charge of day-to-day operations in this money room.

As with the other indictment being reinstated, funds belonging to another (in this instance, Chemical), entrusted to Sentry, were converted by Sentry and used for its own purposes. (*See, People v Yannett,* 49 NY2d 296, 302, *supra; People v Valenza,* 60 NY2d 363, 368.) Therefore there is a sufficient basis to allow the indictment for grand larceny in the second degree to stand. In addition, Chemical's money was to be held by Sentry, for Chemical's purposes. Sentry appears to have used part of the funds for its own purposes. Thus the misapplication of property (Penal Law § 165.00) charge may also be sustained. Concur — Kupferman, J. P., Ross, Fein and Rosenberger, JJ.