■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GERARD LACAY and FONG MOK, Respondents.—Order, Supreme

Court, New York County (Carol Berkman, J.), entered January 28, 1985, which granted the People's motion for reargument of the court's prior order dismissing the indictments of the defendants, and upon reargument, adhered to its prior determination, unanimously modified, on the law, to reinstate the indictments, and otherwise affirmed. Appeal from the order, Supreme Court, New York County (Carol Berkman, J.), entered October 22, 1984, dismissed as superseded by the appeal from the order granting reargument.

The defendants, charged with filing false sales tax returns, were indicted for the crime of offering a false instrument for filing in the first degree (Penal Law § 175.35). The defendants moved to dismiss the indictments, challenging the ability of the State to prosecute them for this crime under the Penal Law since they claim that the Tax Law provides the exclusive basis of punishment for filing false sales tax returns. The Supreme Court granted the motion and dismissed the indictments on this ground, relying on *People v Valenza* (60 NY2d 363). We find that *Valenza* is distinguishable from the case at bar, and accordingly we reinstate the indictments.

In *Valenza,* the Court of Appeals held that since Tax Law article 28 provides an integrated scheme of civil penalties for failure *to pay* over or remit sales and use taxes, the State cannot maintain a criminal prosecution for such violations under another statute (in that case larceny under the Penal Law).

The defendant in *Valenza* had failed to pay over sales taxes, which violates Tax Law § 1137 (a) and is exclusively punishable by the civil penalties provided for in Tax Law § 1145 (a) that subsection. In distinction, in the instant case the defendants allegedly filed false sales and use tax returns, which is prohibited by Tax Law § 1145 (b). This statute provides for criminal penalties, and in addition it explicitly states that its penalties are "in addition to any other penalties herein or elsewhere prescribed".

Accordingly, the rationale of *Valenza* does not apply to this case. *Valenza* forbids criminal prosecution under a statute (Tax Law § 1145 [a]) for whose violation the legislative intent is to impose civil penalties only (p 369). Here the statute involved does provide for a criminal penalty.

Furthermore, *Valenza* (pp 371-372) disallows prosecution under an additional statute where Tax law § 1145 (a) provides an "integrated scheme" of civil penalties. Here, Tax Law § 1145 (b) is not integrated but rather by its terms explicitly allows prosecution under laws "elsewhere prescribed".

The existence of both a specific statute and a general statute proscribing the same conduct does not prohibit the prosecution from electing which statute to proceed under. *(See, People v Eboli,* 34 NY2d 281; *People v Bergerson,* 17 NY2d 398.) Therefore, the State has discretion to prosecute the filing of false sales tax returns under the broader statute of offering a false instrument for filing (Penal Law § 175.35) rather than the specific Tax Law § 1145 (b).

In so ruling, we note that in very similar cases, which have been decided since the Supreme Court's original determination in this action, the Second and Fourth Departments have also distinguished criminal prosecutions for filing false returns from the strictures of the Court of Appeals holding in *Valenza.* *(People v Walsh,* 108 AD2d 464, *lv granted* 65 NY2d 989; *People v Pisano,* 105 AD2d 1156.) Concur—Kupferman, J. P., Sullivan, Ross, Kassal and Ellerin, JJ.