■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PATINO, Appellant. [688 NYS2d 155] —Appeal by the defendant from (1) a judgment of the County Court, Nassau County (Mackston, J.), rendered March 7, 1997, convicting him of offering a false instrument for filing in the first degree and attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, rendered December 17, 1997, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon the previous convictions of offering a false instrument for filing in the first degree and attempted grand larceny.

Ordered that the judgment and amended judgment are affirmed.

The defendant's claim that he was a victim of selective prosecution because of the alleged animosity of the Nassau County Police Department towards him fails to establish that he was singled out by the Nassau County District Attorney's Office for this criminal prosecution "based upon an impermissible standard such as race, religion or some other arbitrary classification" (*Matter of 303 W. 42nd St. Corp. v Klein,* 46 NY2d 686, 693). Thus, absent a colorable claim, an evidentiary hearing on that issue was not warranted (*see, Matter of 303 W. 42nd St. Corp. v Klein, supra,* at 695-696).

The defendant's contention that Retirement and Social Security Law § 411 (a) provided the exclusive remedy for his offense (*see, People v Pisano,* 105 AD2d 1156) is unpreserved for appellate review. In any event, his contention is unavailing. Here, both Retirement and Social Security Law § 411 (a) and Penal Law § 175.35, concerning offering a false instrument for filing, are applicable. A defendant has no right to select under which of two applicable statutes he or she shall be indicted (*see, People v Eboli,* 34 NY2d 281, 289). Moreover, Retirement and Social Security Law § 411 (a) is not an exclusive remedy, nor is there evidence of legislative intent to preclude application of Penal Law § 175.35 (*see, People v Eboli, supra,* at 287; *accord People v Walsh,* 67 NY2d 747; *People v Lacay,* 115 AD2d 450, 452).

Contrary to the defendant's contention, the erroneous advice given by the new counsel he retained after sentencing does not constitute a violation of the constitutional right to effective representation (*see,* NY Const, art I, § 6; *People v Claudio,* 83 NY2d 76).

The defendant's remaining contentions are without merit. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.