OPINION OF THE COURT
Joseph D. Valentino, J.
The court previously concluded that the New York State Commission of Correction’s jurisdiction over Division for Youth (now known as Office of Children and Family Services) secure facilities and the stated legislative intent of the enacting legislation of the assault statute rendered Industry Secure Facility in Rush, New York a “correctional facility” within the scope of Penal Law § 120.05 (7) in this case where defendants are charged with assault in the second degree (Penal Law §§ 20.00, 120.05 [7]). Each defendant joined in a written trial order of dismissal pursuant to CPL 290.10 asserting that Industry Secure Facility in Rush, New York is not a correctional facility within the scope of Penal Law § 120.05 (7).
Penal Law § 120.05 (7) provides:
“A person is guilty of assault in the second degree when . . . [hjaving been charged with or convicted of a crime and while confined in a correctional facility, as defined in [Correction Law § 40 (3)], pursuant to such charge or conviction, with intent to cause physical injury to another person, he causes such injury to such person or to a third person.”
Correction Law § 40 (3) provides:
“ ‘Correctional facility’ means any institution operated by the state department of correctional services, any local correctional facility, or any place used, pursuant to a contract with the state or a municipality, for the detention of persons charged with or convicted of a crime, or, for the purpose of this article only, a secure facility operated by the state division for youth” (emphasis supplied).
Defendants asserted Industry should be excluded from Penal Law § 120.05 (7) because of the limiting language “for the purpose of this article only.” Furthermore, they asserted that the omission of Industry as a correctional facility in the Criminal Jury Instructions for Penal Law § 120.05 (7) is telling support of their position. Defendants also rely on 7 NYCRR 100.1 *825 and omission of Industry from the list of Department of Correctional Services’ correctional facilities. They also cite to 9 NYCRR 7401.1 as support for their position that Industry is not a correctional facility.
The People responded orally and in writing that the legislative intent to include facilities operated by the Division for Youth is made clear by the assault statute’s reference in full to Correction Law § 40 (3) and that the court should adhere to its previous decision that Industry is a correctional facility. The People also stated that if employees at Industry are not afforded the benefit of the statute, no punishment would be imposed on residents for “beating a worker at Industry” as the one-year sentence for a conviction of assault in the third degree would merge with any time the resident was already serving.
As the court previously noted, legislative intent for this subdivision of assault in the second degree is provided in Laws of 1981 (ch 372), which states it is “[a]n Act to amend the penal law, in relation to mandatory consecutive terms of imprisonment for persons convicted of assault upon a guard, employee, or inmate of a correction institution or juvenile detention facility.” Furthermore, in 1996, “[t]he Commission [of Correction’s] jurisdiction [was] significantly expanded by amendment of the definition of ‘correctional facility’ in [Correction Law § 40 (3)] to include ‘a secure facility operated by the State Division for Youth’ ” (Bonacquist, 1996 Practice Commentaries, McKinney’s Cons Laws of NY, Book 10B, Correction Law art 3, at 59).
Significantly, this appears to be a case of first impression, and the court’s research has not found and the parties have not submitted any case law that squarely addresses the issue.
Although it has been held that “when the Legislature has intended to make [conduct] criminal... it has done so clearly” (People v Valenza, 60 NY2d 363, 370 [1983]); that may not be the case here. As observed by the trial court in People v Valenza (108 Misc 2d 86, 98-99 [Sup Ct, NY County 1981]),
“[(legislatures are not without flaws, and the legislative process may at times produce imperfect statutes. It is the court’s function to . . . give effect to legislative intent. A statute must receive a ‘fair and reasonable construction so as to carry into effect the intention of the lawmakers as it appears from the language used’ ” (quoting McKinney’s Cons Laws of NY, Book 1, Statutes § 272, Comment, at 441; see People v Ahearn, 196 NY 221 [1909]).
*826 In the construction of penal statutes, “no penal statute may be construed so strictly as to result in a perversion of the legislative intent” (McKinney’s Cons Laws of NY, Book 1, Statutes § 272, Comment, at 440).
A long-held legal doctrine is that
“where the case is brought within the intention of the makers of the statute, it is within the statute, although by a technical interpretation^] it is not within its letter. It is the spirit and purpose of a statute which are to be regarded in its interpretation; and if these find fair expression in the statute, it should be so construed as to carry out the legislative intent, even although such construction is contrary to the literal meaning of some provisions of the statute.” (People ex rel. Wood v Lacombe, 99 NY 43, 49 [1885].)
Regarding defense counsels’ argument that in comparison to Penal Law § 120.05 (3) and the omission of youth division aides or Office of Children and Family Services employees from it, perhaps the Legislature assumed that Industry employees were encompassed by Penal Law § 120.05 (7) and, therefore, protection of such employees under Penal Law § 120.05 (3) was unnecessary.
The court concludes that Industry Secure Facility in Rush, New York is a correctional facility within the definition of Correction Law § 40 (3) by reference in Penal Law § 120.05 (7) to the full definition of correctional facility without limitation and in light of the legislative intent of the statute. Accordingly, defendants’ motion for a trial order of dismissal is denied.