OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
People v Valenza (60 NY2d 363) does not prevent the prosecutor from charging an individual who files an allegedly false sales and use tax return with a violation of Penal Law § 175.35 — that is, offering a false instrument for filing in the first degree (see, People v Pisano, 105 AD2d 1156; People v Lacay, 115 AD2d 450). Valenza holds that "[a] vendor who collects sales taxes from customers, but fails to remit the sales taxes due the State under circumstances indicating an intent to permanently deprive the State of the taxes, may not be subjected to criminal prosecution for larceny by embezzlement” (People v Valenza, supra, p 367). In Valenza, we noted that "[t]he Legislature’s structuring of [Tax Law former] section 1145 to provide substantial civil penalties for failing to pay over sales tax and to exclude this conduct from the criminal penalties section [Tax Law former § 1145 (b)] must be deemed to manifest an intent to exclude such conduct from criminal prosecution under either the Tax Law or the Penal Law” (People v Valenza, supra, p 372).* While excluding *749 criminal penalties for failing to pay over sales tax, Tax Law former § 1145 (b) provided for criminal penalties for filing a false sales or use tax return. There being no legislative intent to exclude criminal sanctions for the latter activity, the general rule that a prosecution may be obtained under any penal statute proscribing certain conduct, notwithstanding that the penal statute overlaps with a more specific statute, applies in this situation (People v Eboli, 34 NY2d 281, 287; People v Lubow, 29 NY2d 58, 67; People v Bergerson, 17 NY2d 398, 401).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.

 In the aftermath of our decision in Valenza, the Legislature amended Tax Law former § 1145 by adding the following subdivision: "(d) The penalties provided for in this section shall not preclude prosecution pursuant to the penal law with respect to the willful failure of any person to pay over to the state any sales tax * * * whenever such person has been *749 required to collect and has collected any such sales tax” (L 1984, ch 575, § 1, since renumbered as Tax Law § 1817 [k], L 1985, ch 65, § 39). While recognizing that this amendment is not dispositive of the issue now before us, we nevertheless view the legislative response to the Valenza decision as evidencing an over-all intent to permit the prosecutor the choice of proceeding under the Penal Law for criminal offenses also proscribed by the Tax Law.