213 N.J. Super. 22 (1986)
516 A.2d 261
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ROCCO PESCATORE, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1986.
Decided October 3, 1986.
*24 Before Judges PETRELLA, BILDER and GAYNOR.
Patricia E. Stern, Deputy Attorney General, argued the cause for appellant (W. Cary Edwards, Attorney General of New Jersey, attorney; Patricia E. Stern of counsel and on the letter brief).
Philip De Vencentes argued the cause for respondent Rocco Pescatore (Galantucci & Patuto, attorneys; Philip De Vencentes on the letter brief).
Robert M. Biagiotti appeared on behalf of respondent Carmine Pescatore (Biagiotti, Marino, Montecallo & Diktas, attorneys) and relied on the letter brief filed on behalf of Rocco Pescatore.
Alfred C. Pescatore, Jr. appeared on behalf of respondent Carmroc Corporation (Albert & Pescatore, attorneys) and relied on the letter brief filed on behalf of Rocco Pescatore.
PER CURIAM.
The State of New Jersey appeals from the dismissal of a criminal indictment against Carmroc Corporation, trading as Spartan Furniture of West New York, and two individual defendants, Rocco Pescatore and Carmine Pescatore. The indictment *25 charged the defendants with third degree theft of sales taxes collected (N.J.S.A. 2C:20-9), third degree misapplication of entrusted property, sales tax receipts (N.J.S.A. 2C:21-15), and 21 additional violations under the New Jersey Sales and Use Tax Act (N.J.S.A. 54:32B-1 to 29) (Sales Tax Act) and the State Tax Uniform Procedure Law (N.J.S.A. 54:48-1 to 54:52-4).[1]
The trial judge, relying on the reasoning in People v. Valenza, 60 N.Y.2d 363, 469 N.Y.S.2d 642, 457 N.E.2d 748 (Ct.App. 1983), concluded that a criminal prosecution for a Sales Tax Act violation can only be brought within the provisions of the Sales Tax Act, thereby limiting criminal prosecution to the disorderly persons penalty prescribed by N.J.S.A. 54:32B-26(b). On this appeal the State argues that the disorderly persons penalty prescribed by N.J.S.A. 54:32B-26(b) is not the exclusive penalty for violations of the Sales Tax Act, and that the indictment, founded upon statutory provisions outside of that act, should be reinstated.
The indictment was based upon claims that defendants allegedly failed to remit approximately $34,000 in State sales taxes which had been collected by them, and had intentionally filed false quarterly returns for the periods involved. The State contends that its proofs would show that in some cases the defendants sought to avoid charging the sales tax by putting out-of-state customer addresses on invoices when, in fact, delivery was to be made in New Jersey. In other cases defendants allegedly charged the tax to the customer, but failed to remit the tax. The State alleges that false tax returns were being filed during the course of this conduct. In seeking the indictment *26 the Attorney General's office obtained and utilized defendants' tax records.
There is no dispute that the provisions of N.J.S.A. 54:32B-26(b) encompass the conduct alleged to have been engaged in by defendants. Indeed, defendants rely on this provision in contending that the disorderly persons penalties of subsection (b) are the exclusive criminal sanction for violations of the Sales Tax Act. However, defendants argue that a correct interpretation of this provision effectively precludes the State from seeking harsher criminal penalties. Specifically, defendants argue that the State may not proceed under subsection (a) which incorporates by reference the State Tax Uniform Procedure Law, N.J.S.A. 54:52-1, et seq., which makes the filing of false returns, false swearing and maintaining false books a misdemeanor (N.J.S.A. 54:52-1, 3 and 4) or under the Criminal Code, N.J.S.A. 2C:1-1, et seq., specifically those provisions which make theft (N.J.S.A. 2C:20-9) and misapplication of entrusted property (N.J.S.A. 2C:21-15) third degree crimes.
N.J.S.A. 54:32B-26 provides:
(a) Any person failing to file a return or to pay or pay over any tax to the director within the time required by this act shall be subject to such penalties and interest as provided in the State Tax Uniform Procedure Law, subtitle 9 of Title 54 of the Revised Statutes. Unpaid penalties and interest may be determined, assessed, collected and enforced in the same manner as the tax imposed by this act.
(b) Any person failing to file a return or failing to pay or pay over any tax required by this act, or filing or causing to be filed, or making or causing to be made, or giving or causing to be given any return, certificate, affidavit, representation, information, testimony or statement required or authorized by this act which is willfully false, or willfully failing to file a bond required by this act, or failing to file a registration certificate and such data in connection therewith as the director by regulation or otherwise may require, or to display or surrender a certificate of authority as required by this act, or assigning or transferring such certificate of authority, or willfully failing to charge separately the tax herein imposed or to state such tax separately on any bill, statement, memorandum or receipt issued or employed by him upon which the tax is required to be stated separately as provided in subsection (a) of section 12, or willfully failing to collect the tax from a customer, or referring or causing reference to be made to this tax in a form or manner other than that required by this act, or failing to keep any records required by this act, shall, in *27 addition to any other penalties herein or elsewhere prescribed, be a disorderly person. (Emphasis supplied.) (Footnotes omitted.)
Defendants argue that in providing that "any person failing to file a return or to pay or pay over any tax ... shall be subject to such penalties and interest as provided in the State Tax Uniform Procedure Law," subsection (a) of N.J.S.A. 54:32B-26 refers only to the civil penalties set forth in N.J.S.A. 54:49-3 to 10. They also argue that the term "penalties," absent clear proof to the contrary, should be deemed to mean civil penalties, relying on United States v. Ward, 448 U.S. 242, 248-249, 100 S.Ct. 2636, 2641-2642, 65 L.Ed.2d 742, 749-750 (1980); In re Garay, 89 N.J. 104, 112 (1982) and In re Kaplan, 178 N.J. Super. 487, 493 (App.Div. 1981). However, these cases arose in the context of the constitutional prohibition of ex post facto laws for criminal penalties rather than civil penalties. In some instances the statutory characterization of penalties as "civil" may be considered dispositive in negating criminal penalties. See In re Kaplan, supra, 178 N.J. Super. at 493-494. However, there is no restriction expressed in either subsection (a), which also prohibits the same conduct[2] alleged to have been engaged in by defendants, or in subsection (b), which compels the conclusion that aside from the disorderly persons offense the State should be limited to pursuing civil penalties or remedies. Nor is the term "civil penalties" used in the subject statute. We are thus constrained to reject defendants' arguments. The term "penalty" is a broad term and is one commonly applied in the criminal law. See Fulginiti v. Cape May County Sheriff's Dept., 199 N.J. Super. 56, 66-68 (App.Div. 1985), aff'd and remanded to Civil Service Commission, 102 N.J. 309 (1985).
*28 In our view the trial judge unduly restricted the language of subsection (b) of N.J.S.A. 54:32B-26 by limiting it only to the criminal penalties prescribed in the Sales Tax Act. People v. Valenza, supra, 469 N.Y.S.2d 642, 457 N.E.2d 748, relied on by the trial judge, was decided under a similar, but not identical New York tax statute. Compare McKinney's Tax Law § 1145 as then in effect. In Valenza the proscribed conduct involved a failure to remit sales taxes collected. This conduct was covered only in subsection (a) of the New York statute which provided specific civil penalties, and was not included among the specific acts subject to the criminal sanctions authorized by subdivision (b). The New York Court of Appeals in that case found that the legislature did not intend to make the failure to remit sales taxes a criminal offense under the statute as then written,[3] and barred a prosecution for embezzlement. 469 N.Y.S.2d at 644-645, 457 N.E.2d at 749-751.
Subsequent New York cases were apparently not brought to the attention of the trial judge. In People v. Walsh, 108 A.D.2d 464, 489 N.Y.S.2d 933 (App.Div. 1985), aff'd 67 N.Y.2d 747, 500 N.Y.S.2d 96, 490 N.E.2d 1222 (Ct.App. 1986), a taxpayer was indicted for filing a false return, which was made a crime by subdivision (b). A result contrary to that in Valenza was reached and the court held that this violation would not preclude the filing of a larceny indictment. See also People v. Cohen, 123 Misc.2d 97, 473 N.Y.S.2d 109 (Sup.Ct. 1984).
Under our rules of statutory construction the language of a statute should be given its ordinary meaning and construed in a common sense manner to accomplish the legislative purpose. In re Barnert Memorial Hospital, 92 N.J. 31 (1983); Errichetti v. Merlino, 188 N.J. Super. 309, 318 (Law Div. 1982); Mulcahy *29 v. Bergen County Board of Elections, 156 N.J. Super. 429, 440 (Law Div. 1978).
In prohibiting the same conduct, the subsections of N.J.S.A. 54:32B-26 do overlap. Merely because N.J.S.A. 54:32B-26(b) deals specifically with offenses relating to sales taxes, as does subsection (a), does not necessarily preclude the State from prosecuting under other applicable statutes. See State v. Gledhill, 67 N.J. 565, 573 (1975). "`Specific conduct may violate more than one statute.'" Ibid., quoting State v. Blount, 60 N.J. 23, 31 (1972). Whether the specific act bars prosecution under other more general legislation is a matter of legislative intent. Gledhill, supra, 67 N.J. at 573-574. Here, the legislative intent was made clear by the inclusion within the Sales Tax Act's penalty provisions of the phrase, "in addition to any other penalties herein or elsewhere prescribed." As we have noted, "penalties" include criminal penalties. Fulginiti v. Cape May County Sheriff's Dept., supra, 199 N.J. Super. at 66-68. Plainly read, the words "herein or elsewhere prescribed" mean in this Act or any other provision of the laws of this State. Moreover, to read this language as restricting sanctions for the violation of the Sales Tax Act to that act would mean that the embezzlement of large sums of sales tax moneys belonging to the State could only be prosecuted as disorderly persons offenses. We believe this would be a result not intended by the legislature. On the other hand, undoubtedly the legislature recognized that many Sales Tax Act violations would be of such a minor nature that less severe measures would be appropriate. Hence, an alternative disorderly persons charge was provided.
We are satisfied that there is no basis in the Sales Tax Act for finding a legislative intent to preclude prosecutors from proceeding under other applicable criminal laws in appropriate cases. We read the reference to "penalties herein or elsewhere prescribed" as including all other applicable statutes, including those in Title 2C, as well as in Title 54. Hence, a *30 prosecutor may, in the exercise of sound discretion, proceed under any applicable statute, provided that a conviction not be entered under more than one statute for the same offense.
One additional matter requires comment. Defendants did not cross-appeal. See R. 2:3-4. Nevertheless, they attempt to argue that the disclosure of the tax returns to the Attorney General by the Division of Taxation was improper in a criminal prosecution. Failure to cross-appeal effectively precludes them from raising that argument. Nevertheless, there is no merit in their contention. Although the tax returns are considered confidential pursuant to N.J.S.A. 54:50-8, there are exceptions for such use in proceedings relating to violations of the tax law which would apply here. See N.J.S.A. 54:50-9d and g.
The order dismissing the indictment is reversed and the indictment is reinstated. The matter is remanded for further proceedings on the indictment.
NOTES
[1] The various violations of the Sales Tax Act included: willfully keeping false and fraudulent books, a misdemeanor (N.J.S.A. 54:52-4); filing false and fraudulent returns with intent to defraud the State or evade payment of taxes, a misdemeanor (N.J.S.A. 54:52-1) (10 counts); and false swearing on tax returns with intent to evade the payment of taxes, a misdemeanor (N.J.S.A. 54:52-2) (10 counts).
[2] The matter is somewhat complicated because N.J.S.A. 54:32B-26(a), which incorporates the State Tax Uniform Procedure Law, in effect provides that a person convicted under that section is guilty of a misdemeanor (see N.J.S.A. 54:52-1, -2 and -4), thus establishing a different criminal penalty under subsection (a) than the disorderly persons offense under subsection (b).
[3] The New York statute was amended (L. 1984, c. 575, § 1) effective November 1, 1984, to make it clear that the penalty provisions were not exclusive. This was before the trial judge's oral decision in the instant matter which was given on April 2, 1986. See People v. Walsh, 67 N.Y.2d 747, 500 N.Y.S.2d 96, 97, 490 N.E.2d 1222 (Ct.App. 1986).