■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID S. BONDS, Appellant. [678 NYS2d 903] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Klein, J.), rendered October 24, 1995, convicting him of burglary in the first degree, robbery in the first degree, robbery in the second degree, attempted grand larceny in the second degree, conspiracy in the fourth degree, rape in the first degree (four counts), sodomy in the first degree (eight counts), and sexual abuse in the first degree (three counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision of whether to permit the withdrawal of a plea of guilty rests within the sound discretion of the trial court (see, CPL 220.60 [3]). The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his plea of guilty without conducting a hearing given the defendant's conclusory and unsubstantiated allegations of coercion and innocence (see, CPL 220.60 [3]; People v Frederick, 45 NY2d 520; People v Andrews, 207 AD2d 406). Bracken, J. P., Ritter, Copertino, Santucci and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL E. CRUZ, Appellant. [678 NYS2d 748] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered December 18, 1996, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Bracken, J. P., Ritter, Copertino, Santucci and Altman, JJ., concur.