OPINION OF THE COURT
Ciparick, J.
The issue presented by this appeal is whether the auto stripping statute, which prohibits the removal or intentional destruction or defacing of any part of a vehicle, encompasses defendant’s conduct of breaking a car window in order to steal property within the vehicle. We conclude that it does.
On October 12, 1995, at approximately 9:00 a.m., Police Officer Joseph Coviello was patrolling the area of Riverside Drive between West 163d and 165th Streets in Manhattan when he noticed defendant sitting on a park bench, scanning a group of parked cars. While “still looking around,” defendant rose from the bench and approached several of the cars. He bumped three of the cars with his body, setting off an alarm on the third, then returned to the bench and continued to look around.
The officer watched defendant as he again approached a parked car. This time, defendant swung his arm at the rear passenger side of the car. Officer Coviello heard glass shatter and saw defendant briefly bend down. Seconds later, defendant reappeared and went to the rear of the car, where he opened the trunk. After rummaging through the trunk, defendant closed it and walked away.
The officer immediately radioed defendant’s description and location to police officers stationed nearby. Following a short chase, the officers apprehended defendant and, upon his arrest, recovered stolen bridge tokens, as well as some loose change which defendant admitted was not his. When Officer Coviello returned to inspect the vehicle, he saw that the rear passenger window had been shattered, the glove compartment opened and the ashtray pulled out.
Following his arrest, defendant was indicted for auto stripping in the first degree,* criminal mischief in the fourth degree and petit larceny. In his omnibus motion, defendant moved to inspect the Grand Jury minutes and to dismiss the auto stripping charge for legal insufficiency. Supreme Court denied the *182 motion, and defendant moved for reconsideration. Defendant argued that the auto stripping statute was not intended to cover simple theft offenses like his, but rather was enacted to deter the theft and dismantling of automobiles for their parts. In denying the motion, Supreme Court concluded that the statute unambiguously proscribed the “intentional damage or destruction of a part of a car.”
At the close of the People’s case at trial, defendant again moved to dismiss the auto stripping charge, asserting the same argument. A different Judge denied the motion, ruling that the plain language of the statute encompassed the charged conduct. After a jury trial, defendant was convicted of all charges.
The Appellate Division modified defendant’s conviction to the extent of deleting a portion of the sentence imposing a fine and, as modified, affirmed, holding that defendant’s breaking of a car window fell within the plain meaning of the auto stripping statute. A Judge of this Court granted defendant leave to appeal, and we now affirm.
To sustain a conviction for auto stripping in this case, the People were required to prove beyond a reasonable doubt that defendant (1) had previously been convicted of auto stripping in the second or third degrees within the last five years, and (2) had committed the crime of auto stripping in the third degree (Penal Law § 165.10 [1]). A person is guilty of auto stripping in the third degree when
“[h]e or she removes or intentionally destroys or defaces any part of a vehicle, other than an abandoned vehicle * * * without the permission of the owner” (Penal Law § 165.09 [1] [emphasis added]).
It is undisputed that the literal language of the auto stripping statute proscribes the destruction or defacing of any part of a vehicle. At issue is whether the statute’s broad language covers defendant’s act of shattering a car window incidental to his theft of the items inside. We hold that it does.
In construing statutes, we must first examine the statutory language, “the clearest indicator of legislative intent” (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583; see also, People v Ryan, 82 NY2d 497, 502). If the words chosen have a “ ‘definite meaning, which involves no absurdity or contradiction, [then] there is no room for construction and courts have no right to add to or take away from that meaning’ ” (Majewski v Broadalbin-Perth Cent. School Dist., supra, 91 NY2d, at 583, quoting Tompkins v Hunter, 149 NY 117, 122-123).
*183 Here, the words chosen by the Legislature — “destroys or defaces” — are abundantly clear and encompass defendant’s conduct. By shattering a car window in the course of a theft, defendant “intentionally destroy[ed] or deface [d] [a] part of a vehicle * * * without the permission of the owner” (Penal Law § 165.09 [1]). Nothing in the plain language of the statute requires the People to prove, additionally, that defendant destroyed the window for the purpose of removing an auto part. To limit the statute to “chop shops” and other purveyors of stolen parts, as defendant urges, would require us to ignore the words as written (cf., People v Keyes, 75 NY2d 343, 347-348 [rejecting strict interpretation of the word “procure” in child pornography statute]). Because those words unambiguously proscribe the destruction or defacing of a part of a vehicle, we conclude that defendant’s conduct falls squarely within the purview of the statute.
Our conclusion is buttressed by the statute’s legislative history and purpose. Although the auto stripping statute was enacted, in part, to discourage the dismantling of motor vehicles (Mem in Support, Bill Jacket, L 1984, ch 390, at 5-6), nothing in the statute’s history restricts its application to the unauthorized removal of automobile parts. To the contrary, the statute’s broad wording is consistent with the Legislature’s efforts to eradicate the burgeoning problem of automobile-related crime (see, id.; Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 165.09, at 416). Indeed, several proponents of the bill speak of its protections against “vandalism” and “damage” to motor vehicles (Letter from Am Ins Assn. dated July 13, 1984, Bill Jacket, L 1984, ch 390, at 30-31; Letter from Counsel to NY St Commn of Correction, dated June 25, 1984, op. cit., at 20; Mem from General Counsel to NY St Div of Probation, dated June 25, 1984, op. cit, at 21). In endorsing the 1996 amendment to the statute, the Mayor of New York City commented on the statute’s sweeping goal of deterring “auto crime,” which “drives up the cost of auto insurance, results in unsafe cars containing stolen or damaged parts being driven on the public highways, and compels car owners to safeguard their cars at tremendous cost with little hope of security” (Letter from Mayor Rudolph Giuliani, dated July 17, 1996, Bill Jacket, L 1996, ch 494, at 6-7).
Nevertheless, defendant argues that the statute is drawn too broadly to achieve its goals. However, the Legislature was mindful of the broad wording of the statute, as well as concerns by opponents that the statute could potentially cover more *184 than just the theft of auto parts (see, e.g., Letter to Governor’s Counsel, dated July 12, 1984, Bill Jacket, L 1984, ch 390, at 26). Moreover, in amending the statute in 1996, the Legislature was presumably aware of all existing decisions interpreting it (see, Arbegast v Board of Educ., 65 NY2d 161, 169). Those decisions do not confine auto stripping to the removal of a part, but extend it to include damage or destruction to a vehicle (see, e.g., Matter of Tyson M., 195 AD2d 558; People v Jordan, NYLJ, Apr. 17, 1996, at 26, col 1 [Sup Ct, NY County]). That the Legislature chose not to narrow the statutory language despite these decisions evinces an intent to apply the statute as written (see, Matter of Knight-Ridder Broadcasting v Greenberg, 70 NY2d 151, 157-158).
Finally, we reject defendant’s argument that he should not be prosecuted for auto stripping since his crime is also punishable under the criminal mischief statute. Absent a contrary legislative intent, “overlapping in criminal statutes, and the opportunity for prosecutorial choice they represent, is no bar to prosecution” (People v Eboli, 34 NY2d 281, 287; see also, People v Walsh, 67 NY2d 747, 749). Auto stripping in the third degree, like criminal mischief in the fourth degree, is a class A misdemeanor, and is elevated to a felony only when the defendant has committed the crime within the last five years, like here, or has caused over $1,000 in damages to two or more vehicles (see, Penal Law §§ 145.00, 165.10 [1], [2]). By imposing stiffer penalties on those who specialize in auto crime, the Legislature clearly intended to set auto-related offenses apart from offenses against other types of property.
Defendant’s remaining arguments are without merit.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Wesley and Rosenblatt concur.
Order affirmed.

 Following defendant’s conviction, auto stripping in the first degree (former Penal Law § 165.10) was renamed auto stripping in the second degree and replaced by a new first degree section (Penal Law § 165.11 [L 1996, ch 494]). Thus, the crime of which defendant was convicted is currently auto stripping in the second degree (Penal Law § 165.10 [1]).