■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK ESCHENBERG, Appellant. [713 NYS2d 292] —Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered July 21, 1999, convicting him of grand larceny in the fourth degree and operating a motor vehicle under the influence of alcohol, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision whether to permit the withdrawal of a plea of guilty rests within the sound discretion of the trial court (see, CPL 220.60 [3]; People v Bonds, 254 AD2d 430). The trial court providently exercised its discretion in denying the defendant's motion to withdraw his plea without holding a hearing. The defendant's claim of innocence was unsubstantiated and refuted by his earlier admission of guilt (see, People v Quijada-Lopez, 256 AD2d 478; People v Bonds, supra). That the defendant allegedly received inaccurate information on his possible sentence exposure from his counsel is a factor which must be considered by the court in determining whether a plea was knowing, intelligent, and voluntary. However, it is not, in and of itself, dispositive (see, People v Garcia, 92 NY2d 869). In any event, the court informed the defendant of the potential maximum sentence. Thus, the defendant's plea of guilty was

knowing, intelligent, and voluntary, and there was no need for a hearing. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.