*879 The defendant was arrested when he was found to be in possession of a large quantity of fraudulent temporary motor vehicle registration tags. The defendant contends that the People should have prosecuted him for violation of Vehicle and Traffic Law § 403-a, which provides that falsifying any temporary indicia of registration shall be a traffic infraction, rather than criminal possession of a forged instrument in the second degree. The defendant’s claim is without merit. When two or more statutes make punishable the same conduct, it is generally left to the People, in their discretion, to choose which offense to charge (see People v Walsh, 67 NY2d 747, 749 [1986]; People v Eboli, 34 NY2d 281, 287-290 [1974]). “[T]he existence of a statutory prohibition against a particular type of conduct . . . will not be deemed to constitute the exclusive vehicle for prosecuting that conduct unless the Legislature clearly intended such a result” (People v Mattocks, 12 NY3d 326, 333 [2009] [internal quotation marks omitted]). Since there is no showing that the Legislature, in enacting Vehicle and Traffic Law § 403-a, intended to foreclose or limit the prosecution of the falsification of temporary indicia of registration to only that charge, the People acted within their discretion in charging the defendant with criminal possession of a forged instrument in the second degree.
The defendant claims that his plea of guilty was not knowing and voluntary. “Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors ‘including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused’ ” (People v Garcia, 92 NY2d 869, 870 [1998], quoting People v Hidalgo, 91 NY2d 733, 736 [1998]). Here, the defendant, who had the assistance of a legal advisor, and who had an extensive criminal history, knowingly and voluntarily admitted his guilt after a thorough and complete plea allocution. The defendant indicated that he was entering the plea “voluntarily,” stated that no one had forced or coerced him to enter the plea of guilty, and averred that he was guilty of the subject crimes. Further, the defendant was fully apprised of the consequences of his plea, i.e., that his plea of guilty would be considered a conviction, and that if he *880 were ever convicted of another felony, he would be subject to an enhanced sentence. In addition, the defendant offered his plea after he was advised by the court of his rights to trial by jury or to a bench trial, to confront and cross-examine adverse witnesses, to present witnesses on his own behalf, to remain silent, and to be proven guilty beyond a reasonable doubt. Accordingly, contrary to the defendant’s contention, his plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Figueroa, 100 AD3d 1016 [2012]).
The defendant’s remaining contentions are without merit. Balkin, J.P., Chambers, Austin and Roman, JJ., concur.