■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL MACK, Appellant. [31 NYS3d 212]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harrington, J., at plea; Ozzi, J., at sentence), rendered April 17, 2013, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to one count of robbery in the first degree in satisfaction of a 57-count indictment, and received the promised sentence. On appeal, he contends that because he was misinformed about the minimum sentence to which he was exposed on certain weapon possession counts, his plea of guilty was not knowing, voluntary, and intelligent.

Whether a plea was knowing, voluntary, and intelligent is

dependent upon a number of factors "including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused" (*People v Hidalgo*, 91 NY2d 733, 736 [1998]; *see People v Conceicao*, 26 NY3d 375, 383-384 [2015]; *People v Garcia*, 92 NY2d 869, 870 [1998]). "That the defendant allegedly received inaccurate information regarding his possible sentence exposure is another factor which must be considered by the court, but it is not, in and of itself, dispositive" (*People v Garcia*, 92 NY2d 869, 870 [1998]; *see People v Eschenberg*, 275 AD2d 719 [2000]).

At the plea proceeding, defense counsel stated that he had discussed with the defendant, inter alia, the strength of the People's evidence against him and his sentencing exposure if convicted after trial. Counsel correctly stated that in light of the defendant's criminal history, if he were convicted of any of the five counts charging robbery in the first degree, then he would be sentenced as a persistent violent felony offender, and counsel accurately represented what those sentences could be (*see* Penal Law § 70.08). He also correctly stated that those sentences could be imposed to run consecutive to one another (*see* Penal Law § 70.25 [1], [2]). However, counsel erroneously stated that the defendant could be sentenced as a persistent violent felony offender on the weapon possession counts (*cf.* Penal Law § 70.08). As charged in the subject indictment, the weapon possession counts did not constitute violent felony offenses (*see* Penal Law § 70.02 [1]), and therefore the defendant could not have been sentenced as a persistent violent felony offender if found guilty on those counts. The Supreme Court did not correct counsel's misstatement at the plea proceeding.

Notwithstanding counsel's misstatement, the record demonstrates that the length of the sentence was but one of many elements considered by the defendant before his plea was accepted. Significantly, the People's evidence against him on the robbery counts was strong and included his own inculpatory statements. Counsel accurately informed the defendant of his sentencing exposure on those more serious counts, as well as the other violent felony offenses of which the defendant was charged. On this record, it cannot be said that the defendant's plea of guilty was not knowing, voluntary, and intelligent (*see People v Garcia*, 92 NY2d at 870; *People v Eschenberg*, 275 AD2d 719 [2000]).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit (*see Strickland v Washington*, 466 US 668, 694 [1984]; *People v McGee*, 20 NY3d 513, 518 [2013]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Mastro, J.P., Maltese, Duffy and Brathwaite Nelson, JJ., concur.