■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELADIO ESPEJO, Appellant. [42 NYS3d 862]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schwartz, J.), rendered September 23, 2014, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Sanders*, 25 NY3d 337, 339-342 [2015]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]). The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d at 255-256; *People v Guillebeaux*, 136 AD3d 1055 [2016]).

However, the defendant's claim regarding the voluntariness of his plea survives his waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Haywood*, 122 AD3d 769, 769 [2014]). The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the

sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Douglas*, 83 AD3d 1092, 1092 [2011]). Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying, without a hearing, that branch of his motion which was to withdraw his plea of guilty. The record establishes that the defendant knowingly, voluntarily, and intelligently entered a plea of guilty (*see People v Sougou*, 26 NY3d 1052, 1054-1055 [2015]; *People v Rodriguez*, 142 AD3d 1189, 1189-1190 [2016]; *People v Jemmott*, 125 AD3d 1005, 1006 [2015]). Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.