■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGAN MORRIS, Appellant. [47 NYS3d 718]—Appeal by the defendant from a judgment of the County Court, Westchester County (Everett, J.), rendered October 1, 2015, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Sanders,* 25 NY3d 337, 339-342 [2015]; *People v Lopez,* 6 NY3d 248, 256-257 [2006]). However, the defendant's claim regarding the voluntariness of his plea survives his waiver of the right to appeal (*see People v Seaberg,* 74 NY2d 1, 10 [1989]; *People v Espejo,* 145 AD3d 1031 [2016]). The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Espejo,* 145 AD3d 1031 [2016]). Contrary to the defendant's contention, the County Court providently exercised its discretion in denying, without a hearing, his motion to withdraw his plea of guilty. The record establishes that the defendant knowingly, voluntarily, and intelligently entered a plea of guilty (*see People v Espejo,* 145 AD3d 1031 [2016]; *People v Rodriguez,* 142 AD3d 1189, 1189-1190 [2016]).

Moreover, the defendant was not deprived of the effective assistance of counsel, either during the plea proceedings so as to render his plea involuntary, or with respect to his motion to withdraw his plea of guilty (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]).

The defendant's remaining contention is without merit. Dillon, J.P., Chambers, Sgroi, Maltese and Barros, JJ., concur.