■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN MANRAGH, JR., Appellant. [51 NYS3d 431]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Crecca, J.), rendered November 14, 2013, convicting him of criminal contempt in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim regarding the voluntariness of his plea survives a waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Espejo*, 145 AD3d 1031 [2016]). The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Espejo*, 145 AD3d 1031 [2016]). Here, the County Court did not improvidently exercise its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty, since the record demonstrates that his plea was entered voluntarily, knowingly, and intelligently (*see People v Garcia*, 92 NY2d 869, 870-871 [1998]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Mack*, 140 AD3d 791, 792 [2016]).

By pleading guilty, the defendant forfeited his contention that his motion to dismiss the indictment should have been granted on the ground that the fact-finding process of the grand jury was impaired (*see People v Hansen*, 95 NY2d 227, 232 [2000]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.