People v Walker (2019 NY Slip Op 00913)





People v Walker


2019 NY Slip Op 00913


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-02174
 (Ind. No. 51/13)

[*1]The People of the State of New York, respondent,
v Michael Walker, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Thomas A. Tormey, Jr., Special District Attorney, New York, NY, for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Stephen J. Rooney, J.), rendered March 13, 2015, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant, who had two prior violent felony convictions, was indicted for various weapon possession and menacing offenses. The top count of the indictment was criminal possession of a weapon in the second degree, a class C violent felony.
Pursuant to the terms of the plea agreement between the parties, the defendant pleaded guilty to attempted criminal possession of a weapon in the second degree, a class D violent felony. During the plea allocution, the Supreme Court explained to the defendant that, if he were convicted of the top count of the indictment, the minimum sentence would be an indeterminate term of imprisonment of 16 years to life, and the maximum sentence would be an indeterminate term of imprisonment of 25 years to life. The defendant subsequently moved to withdraw his plea, and the court denied the motion. He was sentenced, as a persistent violent felony offender, to the agreed-upon indeterminate term of imprisonment of 12 years to life. The defendant appeals, contending that his plea was not knowing and voluntary because the court failed to inform him that, if he went to trial, he possibly could be convicted of a nonviolent offense and be sentenced to a determinate term of imprisonment, without a lifetime component.
Contrary to the People's contention, the defendant preserved for appellate review his challenge to the validity of his plea (cf. People v Williams, 27 NY3d 212, 214; People v Toxey, 86 NY2d 725, 726).
The determination of a motion to withdraw a plea of guilty rests within the sound discretion of the Supreme Court (see People v King, 115 AD3d 986, 986), and that determination generally will not be disturbed absent an improvident exercise of discretion (see People v DeLeon, 40 AD3d 1008, 1009). "Generally, a plea of guilty may not be withdrawn absent some evidence or claim of innocence, fraud, or mistake in its inducement" (id. at 1009). "Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors including the nature and [*2]terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused'" (People v Garcia, 92 NY2d 869, 870, quoting People v Hidalgo, 91 NY2d 733, 736). "That the defendant allegedly received inaccurate information regarding his possible sentence exposure is another factor which must be considered by the court, but it is not, in and of itself, dispositive" (People v Garcia, 92 NY2d at 870; see People v Eschenberg, 275 AD2d 719).
Here, the Supreme Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty. The defendant, who was 28 years old when he was arrested for the offenses charged in this case, had extensive experience in the criminal justice system from his two prior violent felony convictions. During the plea allocution, he indicated that he had enough time to consult with his attorney, that he had not been threatened, forced, or pressured into making the plea, and that he was pleading guilty of his own free will. There is no evidence that the defendant failed to appreciate that, if he went to trial, he could have been convicted of a lesser charge with a lesser sentence than the charge to which he pleaded guilty. Moreover, the court did not err in explaining the defendant's sentencing exposure if he were convicted of the top count of the indictment. Accordingly, contrary to the defendant's contention, his plea of guilty to attempted criminal possession of a weapon in the second degree was knowingly, voluntarily, and intelligently entered (see People v Manragh, 150 AD3d 762, affd 32 NY3d 1101; People v Duart, 144 AD3d 1173; People v Safran, 113 AD3d 878, 879-880; People v Bravo, 72 AD3d 697, 698).
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court