People v Principato (2021 NY Slip Op 03061)





People v Principato


2021 NY Slip Op 03061


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-01760

[*1]The People of the State of New York, respondent,
v
Christopher J. Principato, appellant. (S.C.I. No. 215/18)


Thomas N. N. Angell, Poughkeepsie, NY (Lauren A. Jaeb of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered November 26, 2018, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant waived his right to be prosecuted by indictment and agreed to be prosecuted under a superior court information. The defendant entered a plea of guilty to aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated. As a condition of the plea agreement, the defendant waived his right to appeal.
The valid waiver of the right to appeal forecloses appellate review of a challenge to the factual sufficiency of the plea allocution (see People v Griffin, 167 AD3d 934, 934; People v Hutter, 154 AD3d 776, 776; People v Devodier, 102 AD3d 884, 884). The defendant's contention that his plea was not knowing, voluntary, and intelligent due to the purported factual insufficiency of the plea allocution survives a valid appeal waiver (see People v Griffin, 167 AD3d at 934), but is unpreserved for appellate review since he did not move to withdraw his plea on this ground prior to the imposition of sentence (see People v Williams, 27 NY3d 212; People v Devodier, 102 AD3d at 884). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here, because the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see
People v Lopez, 71 NY2d 662, 666; People v Griffin, 167 AD3d at 934).
Although he did not seek to withdraw his plea before sentencing, the defendant's challenge to the voluntariness of his plea on the ground that he was misinformed by the County Court as to the maximum sentence he faced if convicted is properly before this Court, since "a defendant can hardly be expected to move to withdraw his plea on a ground of which he has no knowledge" (People v Peque, 22 NY3d 168, 182 [internal quotation marks omitted]; see People v Keller, 168 AD3d 1098, 1099).
"A guilty plea is voluntary only if it represents an informed choice freely made by defendant among other valid alternatives" (People v Brown, 14 NY3d 113, 116; see People v Keller, 168 AD3d at 1099; People v Grant, 61 AD3d 177, 182). "A court determining the voluntariness of a plea must review the record as a whole and the circumstances of the plea in its totality" (People [*2]v Sougou, 26 NY3d 1052, 1055; see People v Harris, 61 NY2d 9, 19). Among other factors, the courts evaluate "[t]he seriousness of the crime, the competency, experience and actual participation by counsel, the rationality of the plea bargain, and the pace of the proceedings in the particular criminal court" (People v Harris, 61 NY2d at 16 [internal quotation marks omitted]). "That the defendant allegedly received inaccurate information regarding his possible sentence exposure is another factor which must be considered by the court, but it is not, in and of itself, dispositive" (People v Garcia, 92 NY2d 869, 870; see People v Mack, 140 AD3d 791, 792).
At the plea proceeding, the County Court informed the defendant, in effect, that he could be sentenced to consecutive terms of imprisonment on the convictions of aggravated unlicensed operation of a motor vehicle in the first degree, a class E felony, and driving while intoxicated, an unclassified misdemeanor. However, pursuant to Penal Law § 70.35, if the defendant were convicted of both counts, his corresponding sentences would run concurrently by operation of law (see People v Keller, 168 AD3d at 1099-1100). As such, the court incorrectly informed the defendant that he could be sentenced to a term of imprisonment up to 2&frac13; to 5 years, when in fact, the maximum aggregate sentence was a term of imprisonment of 1&frac13; to 4 years (see Penal Law § 70.00[2][e]; [3][b]).
Notwithstanding the County Court's misstatement, the circumstances of the plea in its totality establish that it was voluntarily entered (see People v Garcia, 92 NY2d at 870; People v Mack, 140 AD3d at 792). The record reflects that the defendant agreed to plead guilty before the court made the misstatement in question, the defendant had experience with the criminal justice system, and the plea bargain was advantageous in light of an agreement that the defendant's sentence would run concurrently to an indeterminate sentence the defendant already was serving on a Bronx County felony conviction. Further, there is no indication in the record that the defendant relied upon an incorrect understanding of his sentencing exposure in deciding to plead guilty (cf. People v Keller, 168 AD3d at 1098). On this record, it cannot be said that the defendant's plea of guilty was not knowing, voluntary, and intelligent (see People v Garcia, 92 NY2d at 870; People v Mack, 140 AD3d at 792).
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court