People v Robinson (2021 NY Slip Op 03871)





People v Robinson


2021 NY Slip Op 03871


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

110789 111234
[*1]The People of the State of New York, Respondent,
v
Amanda Robinson, Appellant.

Calendar Date:April 20, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Adam G. Parisi, Schenectady, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Egan Jr., J.
Appeals (1) from a judgment of the Supreme Court (Lynch, J.), rendered August 22, 2018 in Albany County, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered May 15, 2019 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged in an indictment with one count of criminal possession of a controlled substance in the second degree and one count of criminal possession of a controlled substance in the third degree. Pursuant to a negotiated agreement, defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree, admitting that she possessed cocaine, and purportedly waived her right to appeal. Supreme Court thereafter sentenced defendant, in accordance with the terms of the plea agreement, to a prison term of 4½ years to be followed by two years of postrelease supervision. Defendant's subsequent motion to vacate the judgment of conviction pursuant to CPL article 440 was denied without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the denial of her CPL article 440 motion.
We affirm. Initially, we agree with defendant that she did not knowingly, intelligently and voluntarily waive the right to appeal. The written appeal waiver that defendant signed contained overbroad language that indicated that she was giving up the right to appeal so long as Supreme Court sentenced her in accordance with the plea agreement. A review of the plea allocution reveals that Supreme Court did not overcome this defect by ensuring that defendant understood that some appellate rights survive the appeal waiver (see People v Thomas, 34 NY3d 545, 566 [2019]; People v Aponte, 190 AD3d 1031, 1032 [2021]; People v Brito, 184 AD3d 900, 901-902 [2020]). Defendant's contention that the agreed-upon sentence was harsh and excessive has been rendered moot as she has already served her sentence and been released (see People v McLean, 185 AD3d 1089, 1089 [2020]; People v Sanford, 171 AD3d 1405, 1407 [2019]). In any event, we discern no abuse of discretion or extraordinary circumstances that would warrant modification of the sentence in the interest of justice (see People v Douglas, 162 AD3d 1212, 1217 [2018], lv denied 31 NY3d 1147 [2018]).
Finally, we find no error or abuse of discretion in Supreme Court's denial of defendant's CPL article 440 motion to vacate the judgment of conviction, without a hearing. Defendant's claim, made in a letter attached to her motion concerning what counsel advised her about her sentencing exposure if she took her case to trial, failed to establish that the nonrecord facts sought to be established would entitle her to relief (see People v Betances, 179 AD3d 1225, 1226-1227 [2020], lv denied 35 NY3d 968 [2020]; People v Griffin, 89 AD3d [*2]1235, 1237 [2011]). Even accepting defendant's self-serving statement that her counsel misstated her sentencing exposure during an off-the-record discussion, Supreme Court accurately explained her actual exposure during the plea allocution, and defendant indicated that she understood the Court's recitation (see People v Garcia, 92 NY2d 869, 870-871 [1998]; People v Mack, 140 AD3d 791, 792 [2016], lv denied 28 NY3d 933 [2016]).
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment and order are affirmed.