People v Gaity (2023 NY Slip Op 02328)

People v Gaity

2023 NY Slip Op 02328

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2018-10087
 (Ind. No. 4886/11)

[*1]The People of the State of New York, respondent,
v
Paul Gaity, appellant.

Patricia Pazner, New York, NY (Paul Skip Laisure of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Dena Douglas, J.), entered May 11, 2018, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Patricia DiMango, J.) rendered October 10, 2012, convicting him of robbery in the first degree, attempted robbery in the first degree, and burglary in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the order is affirmed.
The defendant pleaded guilty to robbery in the first degree, attempted robbery in the first degree, and burglary in the second degree (two counts), arising from his involvement in four separate incidents, which occurred between February 2011 and July 2011. The defendant subsequently moved pursuant to CPL 440.10 to vacate his judgment of conviction, contending, among other things, that his plea of guilty was not entered knowingly, voluntarily, and intelligently. In an order entered May 11, 2018, the Supreme Court denied the defendant's motion without a hearing. The defendant appeals, by permission, from the order.
The defendant's contention that his plea of guilty was not entered knowingly, voluntarily, and intelligently is partially unpreserved for appellate review (see People v Krivoy, 135 AD3d 876, 877). In any event, the defendant's contention is without merit.
"Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused" (People v Garcia, 92 NY2d 869, 870 [internal quotation marks omitted]; see People v Principato, 194 AD3d 851, 852). "That the defendant allegedly received inaccurate information regarding his possible sentence exposure is another factor which must be considered by the court, but it is not, in and of itself, dispositive" (People v Garcia, 92 NY2d at 870).
Here, contrary to the defendant's contention, defense counsel did not coerce him into pleading guilty by misinforming him about the sentence to which he would be exposed if convicted after trial. Defense counsel's remarks correctly informed the defendant of his sentence exposure [*2]upon a conviction after trial, and were not coercive (see People v Miranda, 67 AD3d 709, 710; People v Mann, 32 AD3d 865, 866; cf. People v Keller, 168 AD3d 1098, 1100). Further, although the Supreme Court made a misstatement regarding the defendant's sentence exposure, the misstatement was not coercive. Under the totality of the circumstances, including the strength of the People's case, the defendant's prior experience with the criminal justice system, and the reasonableness of the plea bargain, it cannot be said that the defendant's plea of guilty was not knowing, voluntary, and intelligent (see People v Garcia, 92 NY2d at 870; People v Mack, 140 AD3d 791, 792; People v Bravo, 72 AD3d 697, 698; People v Bruchanan, 37 AD3d 169).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's motion.
DILLON, J.P., CONNOLLY, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court