People v Williams (2026 NY Slip Op 01806)

People v Williams

2026 NY Slip Op 01806

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2024-12033
 (Ind. No. 70023/23)

[*1]The People of the State of New York, respondent,
vJamel M. Williams, appellant.

Carol Kahn, New York, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Jessica Segal, J.), rendered October 24, 2024, convicting him of burglary in the first degree and assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the County Court should have ordered a psychiatric examination pursuant to CPL 390.30(2) was never raised during the plea proceedings or at sentencing, but rather is raised for the first time on appeal, and thus it is not preserved for appellate review (see id. § 470.05[2]; People v LaGuerre, 29 AD3d 820; People v Carbone, 159 AD2d 511, 511). Moreover, since the Department of Probation's presentence investigation report contained the results of a mental health forensic evaluation of the defendant, the court did not err by imposing sentence without also ordering a mental health examination of the defendant "in a designated facility" (CPL 390.30[2]; see People v LaGuerre, 29 AD3d at 823-824; People v Roldan, 223 AD2d 738, 738).
The defendant's contention that his plea of guilty was not entered knowingly, voluntarily, and intelligently is unpreserved for appellate review (see People v Scott, 44 NY3d 302, 307; People v Peque, 22 NY3d 168, 182). In any event, the defendant's contention is without merit.
"Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused" (People v Garcia, 92 NY2d 869, 870 [internal quotation marks omitted]; see People v Principato, 194 AD3d 851, 852). "That the defendant allegedly received inaccurate information regarding his possible sentence exposure is another factor which must be considered by the court, but it is not, in and of itself, dispositive" (People v Garcia, 92 NY2d at 870).
Here, contrary to the defendant's contention, although the County Court made a misstatement regarding the defendant's sentence exposure, the misstatement was not coercive. Under the totality of the circumstances, including the strength of the People's case, the defendant's [*2]prior experience with the criminal justice system, and the reasonableness of the plea bargain, it cannot be said that the defendant's plea of guilty was not knowing, voluntary, and intelligent (see id.; People v Mack, 140 AD3d 791, 792).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Ayala, 172 AD3d 1085, 1087).
DUFFY, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court